**UNITED STATES of America, Plaintiff,**

v.

**Bobby Douglas PULLEY, Defendant.**

**Crim. A. No. CR–89–00003–BG(M).**

United States District Court,
W.D. Kentucky,
at Bowling Green.

Feb. 9, 1990.

Asst. U.S. Atty. Randy Ream, Louisville, Ky., for plaintiff U.S.

Stephen L. Hixson, Hixson, Downey & Travelsted, Bowling Green, Ky., Jack Smith and Patrick H. Molloy, Alagia, Day, Marshall, Mintmire & Chauvin, Louisville, Ky., for defendant Pulley.

## MEMORANDUM AND ORDER

MEREDITH, District Judge.

The Court on January 31, 1990 conducted a hearing on the issue of whether the defendant should be granted bond pending his appeal to the Sixth Circuit Court of Appeals. The defendant was allowed the opportunity to call witnesses on his behalf and did so. Each witness testified regarding the defendant's peaceable nature. For purposes of this hearing the United States agreed that the defendant did not present a flight risk nor that he posed a danger to others or the community under Title 18, U.S.C. § 3143(b). In addition, the Court agreed that the appeal is not taken for purposes of delay. Having resolved the first prong of the two-prong test for granting bond pending appeal, the defendant announced the issues he intends to raise on appeal arguing pursuant to § 3143(b)(2) that the issues raise substantial questions of law or fact likely to result in reversal.

> Section 3143(b) provides in relevant part: "The judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal
> ...
>
> \*    \*    \*    \*    \*    \*
>
> (2) that the appeal ... raises a substantial question of law or fact likely to result in—
> (A) reversal,
> (B) an order for a new trial ...
>
> \*    \*    \*    \*    \*    \*
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with 3142(b) or (c) of this title ..."

Rule 9(b) of the Federal Rules of Appellate Procedure states:

> "Application for release after a judgment of conviction shall be made in the first instance in the district court. If the district court refuses release pending appeal ... the court shall state in writing the reasons for the action taken...."

The requirements of Section 3143(b) at first blush appeared to put the district court in the unenviable position of passing judgment on its own decisions to deny motions for mistrial and motions for a new trial. *United States v. Pollard,* 778 F.2d 1177 (6th Cir.1985). However, the Congressional intent of Section 3143(b) has been elucidated in the past few years by Appellate Courts throughout the various Circuits and have rendered the initial presumed test a nullity. Section 3143(b) does not require the district court to predict whether its decisions will be reversed at the appellate level, a task well beyond the expertise of the most scholarly judicial officer, but instead asks the district court to make two vital determinations:

What is the nature of each of the appellate issues relative to the cases in toto? And assuming success on the part of the appellant, what would be the extent of a favorable outcome on any one of the issues?

The statute requires that the nature of the appellate issues raised in order to result in release must at the very least be substantial issues of either law or fact.

The term "substantial," though used innumerably in the practice of law, is vague and nebulous. It is only in connection with the "thing" it modifies that its meaning becomes more clear. Webster's New Collegiate Dictionary defines "substantial" as having substance, not illusive, not imaginary, considerable. Section 3143(b) requires the defendant to put forth appellate issues of substance, which are not illusive nor imaginary and are worthy of consideration in order to be freed on bail. The *Pollard* court, adopting the Eighth Circuit's clarification upon consideration of the legislative history of the Bail Reform Act of 1984 in *United States v. Powell,* 761 F.2d 1227 (8th Cir.1985) (en banc), held that an appellate issue worthy of consideration presents a close question or a debatable question that is so meritorious that reversal or a new trial would result if the appellant were successful. *Pollard,* 778 F.2d at 1182. A substantial question has been variously defined as a novel question, one undecided by controlling precedent one that is fairly doubtful or debatable or one that

could go either way. See *United States v. Miller*, 753 F.2d 19 (3rd Cir.1985); *United States v. Valera–Elizondo*, 761 F.2d 1020 (5th Cir.1985); *United States v. Bayko*, 774 F.2d 516 (1st Cir.1985); *United States v. Affleck*, 765 F.2d 944 (10th Cir.1985).

Secondly, the district court must find that not only is the issue substantial but that it is so integral to the merits of the case that a favorable appellate ruling would not merely affect a portion of the counts upon which the defendant is convicted but would require the appellate court to reverse the conviction or remand the case back to the district court for a new trial. Notably, a conviction upon only one count of an indictment which is appealed might readily meet the second test of "likely to result in reversal" since no other counts upon which sentence is based need be considered. However, the first prong of Section 3143(b) must still be overcome.

The defendant was found guilty by a jury of Count 1, conspiracy to distribute and possess with intent to distribute cocaine in violation of Title 21, U.S.C. § 846; Counts 8 and 10, aiding and abetting and possession of cocaine with intent to distribute cocaine and Count 2, possession with the intent to distribute cocaine. Count 11 is a conspiracy charge involving activity between October 28, 1988 and December 9, 1988. Count 8 involves the possession and aiding and abetting the possession of 28 grams of cocaine on December 2, 1988. Count 10 involves aiding and abetting the possession of 28 grams of cocaine on December 9, 1988. Lastly, Count 11 involves the possession of 154 grams of cocaine on December 9, 1988.

■ The defendant raises five issues for appellate review alleging that each or all of them in combination meet the two-prong test of Section 3143(b) and thus the defendant should be released pending his appeal of these issues. The defendant asserts first that the evidence was insufficient to convict the defendant of possession of cocaine suggesting that there was no evidence introduced of the defendant's actual or constructive possession of cocaine. As noted earlier, the defendant was convicted

of possession of varying quantities of cocaine at varying times. Presumably, the defendant seeks to attack each conviction for possession. The law does not require the United States to prove that the defendant actually possessed the cocaine. *United States v. Samad*, 754 F.2d 1091 (4th Cir.1984). Instead, the United States need only prove that the defendant exercised dominion and control over the contraband. It is within the province of the jury to weigh the evidence demonstrating dominion and control in order to convict. This is not a novel question, nor one which lacks precedent. Indeed, many cases exist which guide the courts in determining whether the defendant exercised dominion and control. Furthermore, as the United States points out, the statutes upon which the defendant was convicted are not new or untested statutes. Rather, sufficiency of evidence on the issue of possession is a commonly raised appellate argument mainly because it is determined on a case-by-case basis. Lastly, even if the evidence were insufficient as to one count, that error would not jeopardize the other counts which are founded on possession of different amounts of cocaine on different days. The defendant must demonstrate that all counts are likely to result in reversal because where the defendant is serving a concurrent sentence on various counts, reversal as to one does not necessarily impeach the integrity of the others.

■ The second issue raised by the defendant on appeal is whether error was committed when this Court allowed testimony by Special Agent Obermiller referring to a statement of a small child who did not testify. The defendant asserts that the statement was double hearsay and as such inadmissible. The admissibility of evidence is a discretionary decision for the Court. Rule 104 of the Federal Rules of Evidence. The defendant's argument rests on whether the statement was hearsay. The Court's recollection of the matter is that the statement of the child as testified to by Agent Obermiller was for the purpose of establishing the reason Agent Obermiller decided to re-search the house after it had been

searched by the police dog. For that limited purpose, the United States argued and the Court agreed that the statement was admissible since it was not admitted to prove the truth of the matter asserted. Rule 801(c) of F.R.E.

It should be noted that the defendant throughout the trial of this matter repeatedly accused and used as his primary defense allegations that the officers and agents involved in the search of the vehicles, the car lot and the residence, engaged in unethical and illegal conduct. More directly, the defendant, in defense of the charges against him, accused the officers of planting the drugs in the locations in which they were found. As such, Agent Obermiller's credibility was called in to question when he testified that he searched the house even after the police dog found no signs of cocaine. The United States was therefore allowed to bolster his credibility by having Agent Obermiller testify as to the reasons for his search. Whether or not the child's statement about the phone call was true was not at issue. Under these circumstances, the statement was not hearsay and was thus admissible. The District Court has broad discretion in determining whether or not evidence is admissible and the Court's decision will not be overturned except for a clear abuse of discretion. *United States v. Stone*, 702 F.2d 1333 (11th Cir.1983). This area of the law is well-worn and not subject to a variety of interpretations. The Court is at a loss to see how this appellate issue could possibly constitute a substantial question likely to result in reversal.

■ In its third asserted appellate argument, the defendant suggests that the defendant was denied the opportunity to present his defense when one of his witnesses who had been subpoenaed, failed to appear. The defendant on the record divulged what he knew to be the testimony of this witness. The Court took the matter under advisement and rendered a lengthy memorandum overruling the defendant's motion to continue the trial and issued a warrant for the arrest of the witness. The right of the defendant to offer testimony of

witnesses is guaranteed by the Sixth Amendment of the United States Constitution. However, the defendant must first make some plausible explanation of the assistance that would have been received from the testimony. *United States v. Valenzuela–Bernal*, 458 U.S. 858, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982). The asserted assistance provided by the unavailable witness was to impeach the credibility of Special Agent Price and Detective Trosper. The asserted impeaching evidence was at a minimum far-fetched. The Court conducted a Chambers conference in which these officers were asked under oath of their contact with the unavailable witness. It was divulged that the unavailable witness had a reputation for making unsupported accusations about public officers throughout the Commonwealth and was known to a variety of law enforcement agencies in that light. The United States Marshals were ordered to look for the witness but their efforts were to no avail.

There is no showing that the United States in any way interfered with or caused the absence of the witness. *United States v. Alonzo–Miranda*, 427 F.Supp. 924, 925–26 (E.D.Cal.1977), *citing United States v. Mendez–Rodriguez*, 450 F.2d 1 (9th Cir. 1971). The witness was not a party to the offense nor a witness to the offense. The witness was sought by all due diligence but remained unavailable by his own volition. Under these circumstances, where the witness's possible assistance to the defense was questionable at best, and where the United States cooperated in the attempt to obtain his presence, the Court determined that no violation of the Constitution occurred where the defendant's motion to continue was denied.

This is not a close issue. The United States has no obligation to look for a defense witness. The showing of potentially favorable evidence was weak and, quite frankly, somewhat incredulous. The Court therefore finds that this appellate issue is not substantial.

■ The defendant, in his fourth appellate argument, alleges error in the fact that the Court allowed two police officers to be present in the Courtroom during the trial to assist in the prosecution of the

indictment. Whether or not to allow officers to assist the Assistant United States Attorney is a discretionary decision for the Court. Furthermore, even if error were committed, it would not necessarily constitute plain error requiring reversal. Therefore, there is no substantial question.

█ Lastly, the defendant contends that his motion for severance which was denied by the Court is a substantial question. The Court entered a memorandum opinion on the issue of severance citing Sixth Circuit case law in support. The question is not novel, close or uncontrolled by precedent.

For the reasons stated, the Court finds that the defendant has failed to meet his burden of demonstrating substantial questions of law or fact which are likely to result in reversal.

IT IS HEREBY ORDERED that the motion of the defendant for bond pending appeal be and hereby is OVERRULED.