**UNITED STATES of America, Plaintiff,**

v.

**Tommy BROWN, Defendant.**

**Crim. A. No. 90–CR–36.**

United States District Court,
D. Colorado.

Jan. 8, 1991.

As Amended Feb. 4, 1991.

**944**

Stephen Peters, Asst. U.S. Atty., Denver, Colo., for plaintiff.

Brian Holland, Denver, Colo., for defendant.

### AMENDED MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

This case is before me on partial remand from the United States Court of Appeals for the Tenth Circuit, "for the limited purpose of allowing defendant to lodge a proper motion for release pending appeal that conforms with 18 U.S.C. § 3143(b), Fed.R. App.P. 9(b), and 10th Cir.R. 9.5.6." This order is supplemental to my August 30, 1990 written order entered in accordance with Fed.R.App.P. 9(b) and 18 U.S.C. § 3143(b) in which I denied defendant's oral motion for release pending appeal. *See* Appendix A. The parties have fully briefed defendant's additional grounds stated in support of his renewed motion for release pending appeal and oral argument will not materially assist me in ruling upon the renewed motion.

The issue is whether any one or more of defendant's grounds stated in the motion establish that his appeal raises a substantial question of law or fact likely to result in reversal or a new trial. A "substantial" question under the Bail Reform Act "is one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful". *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir.1985).

### I.

Defendant first contends that a substantial question exists whether I erred in denying his motion for judgment of acquittal based upon a lack of sufficient evidence to sustain his convictions on Counts 1, 44, 46, and 49 of the Indictment. I disagree.

The standard of review on appeal of a claim that the evidence is insufficient to support a defendant's conviction is distinct from the "substantial question" standard applicable under the Bail Reform Act. Nevertheless, the standard of review on appeal of a claim of "insufficient evidence" aids resolution of the substantial question issue. On appeal a defendant "bears a heavy burden" in challenging the sufficiency of the evidence at trial to support his conviction. *United States v. Beaulieu*, 900 F.2d 1531, 1533 (10th Cir.1990); *see United States v. Moore*, 919 F.2d 1471 (10th Cir. 1990); *U.S. v. Maldonado–Campos*, 920 F.2d 714 (10th Cir.1990); *U.S. v. Ross*, 920 F.2d 1530 (10th Cir.1990). Although defendant need not show that it is likely or probable that he will prevail on this issue on appeal, *United States v. Powell*, 761 F.2d 1227 (8th Cir.1985), I conclude that, in this case, this issue is neither "fairly doubtful", *United States v. Affleck, supra,* nor even a close question or one that could go either way. *See United States v. Miller*, 753 F.2d 19 (3rd Cir.1985); *United States v. Giancola*, 754 F.2d 898 (11th Cir.1985).

### II.

Defendant next contends that a substantial question exists whether I erred in denying his motion to dismiss for grand

jury abuse. For the reasons stated in *United States v. The Law Firm of Zimmerman and Schwartz, P.C.*, 738 F.Supp. 407, 412 (D.Colo.1990), I conclude that no grand jury abuse occurred in this case. However, even assuming arguendo that grand jury abuse occurred, any error would be harmless beyond a reasonable doubt. *See Bank of Nova Scotia v. United States*, 487 U.S. 250, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988); *United States v. Mechanik*, 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986); *United States v. Kouba*, 822 F.2d 768 (8th Cir.1987).

### III.

■ Defendant also argues that reversible error occurred because I conveyed improperly to the jury that I had determined that the government had proved its conspiracy allegation. Specifically, defendant asserts that the procedure followed to determine admissibility of evidence under F.R.E. 104 and 801(d)(2)(E) resulted in my "judicial imprimatur" that the government had proven the conspiracy count to my satisfaction. Defendant's contention that a substantial question exists on this basis is disingenuous.

This defendant filed no pretrial motion for a *James* hearing. *See United States v. Hernandez*, 829 F.2d 988 (10th Cir.1987). Nine exhibits were admitted conditionally, in part under F.R.E. 801(d)(2)(E). I instructed the jury to "bear in mind that until and unless the Court otherwise admits them unconditionally, they are not admitted to establish the existence of the conspiracy; rather, the conspiracy will have to be established otherwise." No objection was made to this instruction. This defendant then began to object under F.R.E. 104 and 801(d)(2)(E). I recessed trial to conduct the *in camera James* hearing. The exhibits admitted to this point in the trial were also admissible as business records under F.R.E. 803(6).

Because I had advised the jury that the exhibits in question had been admitted conditionally, the government inquired whether I intended to instruct the jury as to my findings after the *James* hearing. Only defendant Zimmerman objected to the giving of such an instruction, and thus, defendant Brown would have been content for the jury to hear these findings. Because of defendant Zimmerman's objection, however, I exercised my discretion not to give any further instructions which would highlight the explicit findings required by *Hernandez, Id.* From that point forward, the evidence was simply received without limitation. Defendant Brown imposed no objection to this procedure, but now complains that this procedure constituted implicit judicial statement to the jury that the government had proved the conspiracy.

First, trial notes indicate that this defendant failed to preserve error in this regard by his failure to object to this procedure or request an appropriate limiting instruction. Indeed, this smacks of invited error. Second, the limiting instructions' language directs the jury's attention to the mere *purpose* for the evidence in question; no express or implied direction is given concerning its weight. Finally, complete closing instructions concerning the law of presumption of innocence, burden of proof, evidence, and conspiracy were given at the close of the case. I presume that the jury followed these closing instructions. *United States v. Morris*, 623 F.2d 145, 148 (10th Cir.1980).

### IV.

■ Defendant further contends that a substantial question exists whether there was reversible error in the admission of hearsay statements pursuant to F.R.E. 801(d)(2)(E). He argues that his agency relationship or participation in the conspiracy must be demonstrated at the time of the making of the hearsay statement before a co-conspirator statement may be admitted under F.R.E. 801(d)(2)(E). I am not persuaded. This argument would apply only in cases arising before *United States v. Andrews*, 585 F.2d 961 (10th Cir.1978). *See United States v. Morris, supra* at 148 n. 3, *cert. denied*, 449 U.S. 1065, 101 S.Ct. 793, 66 L.Ed.2d 609 (1980).

The settled predicates to be judicially determined by a preponderance of the evi-

dence for admission of declarations of a co-conspirator are: (1) a conspiracy existed; (2) the declarant and the defendant against whom the declarations are offered were members of the conspiracy; and (3) the statements were made in the course of and in furtherance of the conspiracy. *United States v. Mobile Materials, Inc.*, 881 F.2d 866 (10th Cir.1989). Of course, relevancy determinations must be made pursuant to F.R.E. 402 and 403. *Id.* These determinations were made at the conclusion of the *James* hearing and again at the conclusion of the evidence.

F.R.E. 801(d)(2)(E) permits admission of co-conspirator statements against a defendant who joins the conspiracy after the statements are made. *See United States v. Murphy*, 852 F.2d 1 (1st Cir.1988); *United States v. Badalamenti*, 794 F.2d 821 (2d Cir.1986); *United States v. Jackson*, 757 F.2d 1486 (4th Cir.), *cert. denied*, 474 U.S. 994, 106 S.Ct. 407, 88 L.Ed.2d 358 (1985); *United States v. Balistrieri*, 778 F.2d 1226 (7th Cir.1985); *United States v. Leroux*, 738 F.2d 943 (8th Cir.1984). This is particularly appropriate where, as here, the government must prove beyond a reasonable doubt the existence of a single chain conspiracy which has as its central purpose the commission of multiple criminal objects over an extended period of time. In such a conspiracy, some participants remain with the illegal enterprise from its inception until its conclusion and others join or leave it during its existence. *See United States v. Petersen*, 611 F.2d 1313 (10th Cir.1979); *see also United States v. Mobile Materials, Inc., supra.* (A conspiracy may be self-perpetrating and plugged into at any time.) A party may join or leave an ongoing conspiracy during its progress and thus become criminally liable for all acts done in furtherance of the scheme. *United States v. Andrews, supra.* It is entirely consistent with this rule to permit admission of co-conspirator statements against a defendant who joins a conspiracy after the statements are made. I conclude that defendant has failed to establish a substantial question on this issue. *See United States v. Wolf*, 839 F.2d 1387, 1393 (10th Cir.1988).

## V.

Defendant next argues that a substantial question exists whether reversible error occurred by failing to give his tendered jury instructions numbered 15, 17, and 18 regarding conspiracy and complicity. I conclude that no such substantial question exists because the jury instructions as a whole adequately stated the law of this case. *See United States v. Suntar Roofing, Inc.*, 897 F.2d 469 (10th Cir.1990); *United States v. Willis*, 890 F.2d 1099 (10th Cir.1989).

## VI.

Finally, defendant contends that a substantial question exists regarding computation of his offense level pursuant to the Sentencing Commission Guidelines. I rejected this contention in my written order of August 30, 1990 and reject it here.

First, defendant, as a lawyer, clearly abused a position of trust. Guideline § 3B1.3, Application Note 2. Further, the evidence was substantial that the victims here sustained losses of in excess of $2,000,000 under Guideline § 2F1.1.

Finally, no substantial ground for release is presented, irrespective of the determination of loss on appeal, because of the independent concurrent sentence of 33 months on the preguideline counts. The 33 month sentence on the preguideline convictions is within the five year statutory maximum under 18 U.S.C. § 152.

Accordingly, IT IS ORDERED that defendant's "Motion to Reconsider Motion for Release Pending Appeal" is DENIED.

### EXHIBIT A

In the United States District Court

For the District of Colorado

Criminal Action No. 90–CR–36

United States of America, Plaintiff,

v.

Steven L. Zimmerman and Tommy Brown, Defendants.

### ORDER

Pursuant to 18 U.S.C. § 3143(b) and Fed. R.App.Proc. 9(b), I enter and state in writ-

ing my reasons for denying defendants' motions for release pending appeal.

On June 21, 1990, the jury returned its verdicts finding the defendant Steven L. Zimmerman guilty of Count 1 of the indictment charging conspiracy in violation of 18 U.S.C. § 371 and finding defendant Tommy Brown guilty of Counts 1, 44, 46 and 49 of the indictment charging, respectively, conspiracy in violation of 18 U.S.C. § 371, bankruptcy fraud in violation of 18 U.S.C. §§ 2 and 152, bankruptcy fraud in violation of 18 U.S.C. §§ 2 and 152, and mail fraud in violation of 18 U.S.C. §§ 2 and 1341.

At the sentencing hearing held August 28, 1990, I determined the offense levels for both defendants to be 20 as to Count 1 and 20 as to Count 49. Counts 44 and 46 were pre-guideline offenses carrying maximum terms of 5 years. A criminal history category level I was given each defendant.

Defendant Steven L. Zimmerman was sentenced to 33 months imprisonment for his conviction on Count 1 of the indictment and defendant Tommy Brown was sentenced to 33 months imprisonment for his convictions on Counts 1, 44, 46, and 49 of the indictment, all sentences to run concurrently. Neither defendant has served any time in pre-sentence confinement.

### A.

To grant bail pending appeal, I must find that defendants have met their burden of proving that they are not likely to flee or pose a danger to the safety of any other person or to the community if released, that they have established that the appeal is not for purposes of delay, and 1) that the appeal raises a substantial question of law or fact and 2) that if that substantial question is determined favorably to them on appeal, that decision is likely to result in reversal, an order for a new trial of all counts on which imprisonment has been imposed, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b); *United States v. Affleck*, 765 F.2d 944 (10th Cir.1985).

There is no dispute that neither defendant is likely to flee and neither defendant poses a danger to the safety of any other person or to the community if released. I am also satisfied that any appeal is not for the purpose of delay. The question is whether defendants' appeal will raise substantial questions of law or fact and if such questions are determined favorably to them on appeal, whether that decision is likely to result in reversal, an order for new trial of all counts on which imprisonment has been imposed, or a reduced sentence. I conclude that defendants failed to meet their burden under § 3143(b).

Both defendants maintained in their pretrial motions, in their motions for new trial or in the alternative for judgment of acquittal, and in their motions for release pending appeal that Count 1 of the indictment charges a "multiple conspiracy". I determined that issue adversely to them in my Memorandum Opinion and Order entered May 23, 1990. *United States v. The Law Firm of Zimmerman and Schwartz, P.C., et al.*, 738 F.Supp. 407, 416 (D.Colo. 1990); *see United States v. Dickey*, 736 F.2d 571, 583 (10th Cir.1984) (a single conspiracy may have as its objective the commission of numerous offenses). I ruled that ultimately, the existence of a single conspiracy is a factual question left to the jury's determination. *United States v. The Law Firm of Zimmerman and Schwartz, P.C., et al., supra; see United States v. Mobile Materials, Inc.*, 881 F.2d 866, 872 (10th Cir.1989).

Defendants have also steadfastly maintained that, even assuming the existence of a single conspiracy, the government's evidence was inadequate because it created a mere suspicion or insinuation of their individual participation in and, thus, guilt of conspiracy. *See United States v. Austin*, 786 F.2d 986 (10th Cir.1986). Thus, the sum and substance of defendants' principle attack upon the jury's verdicts as to the conspiracy count is that the evidence is insufficient to sustain the verdicts.

In assessing the sufficiency of the evidence, I must determine whether, viewing the evidence and all reasonable inferences

to be drawn therefrom in the light most favorable to the government, any rational trier of fact could find a defendant guilty beyond a reasonable doubt. *See United States v. Austin, supra* at 988; *United States v. Brunson,* 907 F.2d 117, 119 (10th Cir.1990). Notwithstanding this circuit's authority in *United States v. Andrews,* 585 F.2d 961 (10th Cir.1978) (applying the "slight evidence" standard), in denying the defendants' motions for new trial or in the alternative for judgment of acquittal, I applied the more stringent standard of whether "substantial evidence" supports the Count 1 verdicts. *See United States v. Durrive,* 902 F.2d 1221, 1229 (7th Cir.1990); *Phelps v. United States,* 160 F.2d 858 (8th Cir.1947). I ruled that the government proved by substantial evidence a single conspiracy and that each defendant was guilty of participation in the conspiracy. Any error in the application of this higher standard inures to defendants' benefit. Moreover, the jury was not only instructed as to the nature and elements of conspiracy generally, *see* Instructions 19 and 20, but it was instructed specifically that in order to find either defendant guilty of conspiracy they must find that the government proved a single conspiracy. *See* Instruction No. 21.

The evidence in this case is substantial and, consequently, raised more than a mere suspicion as to the existence of a single conspiracy and these defendants' participation in it. The jury had the responsibility of appraising the witnesses' credibility, weighing the conflicting evidence, and drawing reasonable inferences from the evidence in reaching their verdicts. *See United States v. Brunson, supra.* A determination on appeal that the evidence was insufficient to sustain the jury's verdicts finding defendants guilty of conspiracy would result in a reversal of those convictions and mandate entry of a judgment of acquittal. However, I cannot conclude, in view of the substantial evidence upon which these verdicts are based, that defendants' appeal raises a substantial question of law or fact within the meaning of 18 U.S.C. § 3143(b). *See United States v. Affleck, supra.*

### B.

The analysis regarding the sufficiency of the evidence as to defendant Tommy Brown's conviction of Count 1 of the indictment applies with equal force to his convictions on Counts 44, 46, and 49 of the indictment. Thus, I cannot conclude that a substantial question is raised by this defendant as to *all* counts upon which he was convicted. *See United States v. Affleck, supra; United States v. Pulley,* 730 F.Supp. 55, 57 (W.D.Ky.1990).

### C.

Finally, insofar as defendants may raise claims of error as to application of F.R.E. 801(d)(2)(E) at trial, the instructions given to the jury at the close of the evidence, and application of the sentencing guidelines, I conclude that an appeal of these issues raises no substantial question of law or fact.

Accordingly, for the foregoing reasons, I have denied defendants' motions for release pending appeal.

BY THE COURT:

/s/Lewis T. Babcock
　　Lewis T. Babcock, Judge

DATED: August 30, 1990