**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Abelee BRUNSON, Defendant–Appellant.**

**No. 89–3176.**

United States Court of Appeals,
Tenth Circuit.

June 19, 1990.

---

Robert S. Streepy, Asst. U.S. Atty. (Benjamin L. Burgess, Jr., U.S. Atty., with him, on the brief), Kansas City, Kan., for plaintiff-appellee.

David J. Phillips, Asst. Fed. Public Defender (Charles D. Anderson, Fed. Public Defender, with him, on the brief), Kansas City, Kan., for defendant-appellant.

Before McKAY and BALDOCK, Circuit Judges, and COOK, District Judge.*

BALDOCK, Circuit Judge.

Following a jury trial, defendant-appellant, Abelee Brunson, was convicted under 18 U.S.C. §§ 2113(a) and (d) of the armed robbery of the Franklin Savings and Loan Association, a federally insured financial institution located in Kansas City, Kansas. At his sentencing hearing, Brunson moved the district court pursuant to Fed.R. Crim.P. 29 for a judgment of acquittal asserting that the government had failed to prove the federally insured status of the institution on the date of the robbery, August 19, 1988. Brunson further objected to the court's classification of him as a career offender under § 4B1.1 of the Sentencing Guidelines [1] based upon two prior Missouri state burglary convictions. The district court overruled both Brunson's motion and objection, and sentenced him to 262 months imprisonment consistent with his classification. Our jurisdiction to review the district court's rulings arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(2). We affirm.

## I.

### Sufficiency of Evidence

The federally insured status of a financial institution is an essential element

---

* Honorable H. Dale Cook, Chief Judge, United States District Court for the Northern District of Oklahoma, sitting by designation.

1. *See* United States Sentencing Comm'n *Guidelines Manual* (1989) [hereinafter *Guidelines* ].

of robbery under § 2113 which the government must prove beyond a reasonable doubt to sustain a conviction in federal court. *United States v. McNeal*, 865 F.2d 1167, 1170 (10th Cir.), *cert. denied,* — U.S. —, 109 S.Ct. 2439, 104 L.Ed.2d 995 (1989). In determining whether the government proved this essential element, we review the record in the light most favorable to the government and ask if all the evidence and the inferences to be drawn therefrom would permit a reasonable jury to find the presence of that element. *United States v. Fox,* 902 F.2d 1508, 1513 (10th Cir.1990). Where the evidence raises more than a mere suspicion that an element of the crime has been met, the jury has the responsibility of appraising witness credibility, weighing the testimony, drawing reasonable inferences and reaching a conclusion. *United States v. Beaulieu,* 900 F.2d 1531, 1533 (10th Cir. 1990).

■ To prove that Franklin Savings was federally insured on the date of the robbery, the government offered the testimony of James Waldeck, the manager of Franklin Savings' Kansas City branch. Waldeck testified that Franklin Savings was insured by the Federal Savings and Loan Insurance Corporation (FSLIC). To corroborate his testimony, Waldeck presented three documents to the court. The first document was a certificate of insurance issued on March 23, 1953, in the name of the Ottawa Savings and Loan Association. Waldeck explained that Ottawa Savings was the predecessor of Franklin Savings. The second document was a notice of annual insurance premium issued by the FSLIC to Franklin Savings on March 9, 1989. Franklin Savings paid that premium by automatic debit on March 14, 1989. The third document was a notice of additional insurance premium issued by the FSLIC on March 21, 1989 and paid by Franklin Savings on March 24, 1989.

Brunson complains that the government failed to admit any exhibits or offer any testimony to prove Franklin Savings was insured on the date of the robbery. While the government did not produce direct evidence that Franklin Savings was insured on August 19, 1988, "direct evidence, as distinguished from circumstantial, is not essential to a criminal conviction." *United States v. Harper,* 579 F.2d 1235, 1239 (10th Cir.), *cert. denied,* 439 U.S. 968, 99 S.Ct. 459, 58 L.Ed.2d 427 (1978). In *United States v. Smith,* 788 F.2d 663, 669 (10th Cir.1986), we stated: "Circumstantial evidence is entitled to the same weight as that given to direct evidence in determining the issue of factual sufficiency to support a verdict beyond a reasonable doubt." Based upon the certificate of insurance, the insurance premium notices and Waldeck's testimony, the jury reasonably could infer that Franklin Savings was federally insured on the date of the robbery.

Brunson's reliance on *United States v. Platenburg,* 657 F.2d 797 (5th Cir. Unit A 1981) is misplaced. In *Platenburg,* the Fifth Circuit held that the government's proof of insurance was insufficient where the only evidence introduced by the government was a copy of an insurance certificate issued seven years before the charged event. *Id.* at 799–800. In contrast, the government in the present case introduced not only a certificate of insurance, but also two notices of current insurance premiums due and paid and the testimony of Waldeck that Franklin Savings was federally insured. *See United States v. Darrell,* 828 F.2d 644, 648 (10th Cir.1987) (although certificate of insurance alone does not adequately establish insurance on the date of the charged offense, variety of other evidence to support an institution's insured status will satisfy the government's burden). Given the ease of production, we do not understand why the government did not proffer the premium notice for the period of time covering the robbery, or at least testimony that Franklin Savings was insured on the relevant date. *See United States v. Bolt,* 776 F.2d 1463, 1471 (10th Cir.1985) (both an insurance expense check covering the relevant period and testimony that the bank was covered by federal insurance on the date of the robbery offered to establish insured status). Viewed in a light most favorable to the government, how-

ever, the evidence, albeit circumstantial, is sufficient to sustain the jury's verdict.

## II.

### Career Offender Classification

Finding that Brunson was a career offender as defined in § 4B1.1 of the *Guidelines*, the district court sentenced him to 262 months imprisonment to run consecutive to a like sentence Brunson received in the Missouri federal court for the robbery of a United Postal Savings Association. Because Brunson was sentenced on July 17, 1989, we apply the *Guidelines* in effect on that date consistent with 18 U.S.C. §§ 3553(a)(4) and (5) (in determining sentence, court shall consider sentencing range as well as policy statements in effect on the date of sentencing). In reviewing the district court's sentence, we accept the court's findings of fact unless clearly erroneous and give due deference to the court's application of the guidelines to those facts. *Id.* § 3742(e).

■ Section 4B1.1 of the *Guidelines* defines career offender as follows:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. . . .

Under § 4B1.1, every career offender is assigned a criminal history category of VI. Because the statutory maximum for an offense under 18 U.S.C. §§ 2113(a) and (d) is twenty-five years or 300 months, Brunson additionally was assigned an offense level of thirty-four in accordance with the sentencing table contained in § 4B1.1. Brunson's classification as a career offender increased his sentencing range from 84–105 months to 262–300 months.[2] Brunson asserts that the district court erred in relying

on two prior Missouri state convictions for burglary in the second degree to place him in the career offender category. According to Brunson, these prior convictions are not crimes of violence as required by § 4B1.1(3) because the presence of an innocent person in the burglarized structure or a threat of physical injury to any person who is not a participant in the crime is not an element of second degree burglary in Missouri.

At the time of Brunson's sentencing, *Guidelines* § 4B1.2(1) stated that the "term 'crime of violence' as used in this provision is defined under 18 U.S.C. § 16." The commentary to § 4B1.2 read in relevant part:

'Crime of violence' is defined in 18 U.S.C. § 16 to mean an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, *or any other offense that is a felony and that by its nature involves a substantial risk that physical force against the person or property of another may be used in committing the offense.* The Commission interprets that as follows: murder, manslaughter, kidnapping, aggravated assault, extortionate extension of credit, forcible sex offenses, arson, or robbery are covered by this provision. Other offenses are covered only if the conduct for which the defendant was specifically convicted meets the above definition. For example, conviction for an escape accomplished by force or threat of injury would be covered; conviction for an escape by stealth would not be covered. *Conviction for burglary of a dwelling would be covered;* conviction for burglary of other structures would not be covered.

(emphasis added). We have stated that the commentary to the *Guidelines* is "essential in correctly interpreting and uniformly applying the guidelines on a national basis." *United States v. Rutter*, 897 F.2d 1558, 1561 (10th Cir.1990).

---

**2.** Although the Sentencing Table, *Guidelines* Ch. 5, Pt. A sets the maximum sentence at 327 months for a category VI level 34 offender,

§ 5G1.1 forbids a guideline sentence in excess of the statutory maximum.

Brunson acknowledges that the burglaries were of dwellings. Rather, Brunson argues that his prior felonies did not involve a "substantial risk" that physical force would be used because under the applicable Missouri law, no one except himself was present in the dwellings when he burglarized them. Brunson in essence asks us to rely on state law to determine when a state felony conviction may be classified as a crime of violence for purposes of § 4B1.1. Were we to do so, however, the uniformity in sentencing the *Guidelines* was intended to ensure would be jeopardized. Criminals with similar records might receive vastly different sentences simply because their past crimes were defined differently by different states. We believe that uniformity in sentencing may best be achieved by applying the *Guidelines* without strict reference to state criminal law definitions. Notably, not even the question of whether a prior state conviction constitutes a felony under § 4B1.1 is to be determined by state law. Comment three to § 4B1.2 defines a "prior felony conviction" as an "adult conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the sentence actually imposed." This buttresses our conclusion that the term "crime of violence" in § 4B1.1 is to be defined without reference to state law.

The commentary to § 4B1.2 plainly states that burglary of a dwelling is a crime of violence. Those circuit courts to have addressed the issue uniformly agree that the burglary of a dwelling is a crime of violence as that phrase is used in § 4B1.1. *E.g., United States v. Cruz*, 882 F.2d 922, 923 (5th Cir.1989) ("Whenever a private residence is broken into, there is always a substantial risk that force will be used."); *United States v. Davis*, 881 F.2d 973, 976 (11th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 735, 107 L.Ed.2d 753 (1990) ("In accord with common law tradition and the settled law of the federal circuits, we conclude that burglary of a dwelling by its nature creates a substantial risk of physical force."); *United States v.*

*Pinto*, 875 F.2d 143, 144 (7th Cir.1989) ("No one has doubted for decades that *residential* burglary is a 'violent' offense, because of the potential for mayhem if burglar encounters resident.") (emphasis in original). We likewise hold that the burglary of a dwelling is a crime of violence and thus the district court correctly applied *Guidelines* § 4B1.1 to Brunson.

AFFIRMED.