UNITED STATES of America, Plaintiff–Appellee,

v.

**Marco Antonio OLVERA–CERVANTES, Defendant–Appellant.**

No. 91–30093.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 9, 1992.

Decided March 24, 1992.

Carol Koller, Asst. Federal Public Defender, Seattle, Wash., for defendant-appellant.

Lis Wiehl, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

Before WRIGHT, Circuit Judge, NORRIS and CYNTHIA HOLCOMB HALL, Circuit Judges.

WILLIAM A. NORRIS, Circuit Judge:

Section 2L1.2 of the Sentencing Guidelines requires that aliens convicted of illegally reentering the United States receive a heavier sentence if they had been originally deported after being convicted of a felony. Under federal law, all offenses that carry a maximum penalty in excess of one year are felonies. In this case, we are asked to decide whether, in considering prior state convictions, section 2L1.2 defines a felony by reference to the maximum penalty authorized for the offense by the *state* statute or by reference to the maximum penalty authorized for the offense by the *analogous* federal statute. We hold that section 2L1.2 defines a felony by reference to the maximum penalty authorized for the offense by the state statute of conviction.

## I

In 1989, defendant Olvera–Cervantes, an undocumented alien, was convicted of possession of cocaine under Revised Code Washington (R.C.W.) § 69.50.401(d), which carries a maximum penalty of five years. Olvera–Cervantes was sentenced to thirty days in jail. He was deported in early 1990 after serving his sentence.

■ Subsequently, Olvera–Cervantes returned to the United States illegally. After he was apprehended, he was charged with illegal reentry after deportation in violation of 8 U.S.C. § 1326. He pled guilty. Under the Sentencing Guidelines section 2L1.2, the sentencing court must enhance a defendant's presumptively applicable sentencing range if it finds that the defendant was originally deported after sustaining a felony conviction.

■ At sentencing, both parties agreed that the term "felony" in section 2L1.2 should be defined by reference to federal law and that federal law deems all offenses that carry a maximum penalty in excess of one year to be a felony. *See* 18 U.S.C. § 3559(a)(5). The parties disagreed, however, as to whether the district court should look to the maximum penalty authorized by the *state* statute under which the defendant was convicted or whether it should look to the maximum penalty authorized by the analogous *federal* statute. Although in most cases it would not make a difference whether state or federal maximum was applied, here it does. Cocaine possession is subject to a maximum penalty of five years in Washington, but it is subject to a maximum penalty of one year under federal law. *See* 21 U.S.C. § 844(a). Thus, under the government's interpretation, Olvera–Cervantes' prior conviction would be classified as a felony; under his interpretation, it would be classified as a misdemeanor.

The district court agreed with the government and sentenced Olvera–Cervantes within the higher applicable guide-

lines range. Olvera–Cervantes appeals his sentence.

## II

■ The district court's interpretation of a Guidelines provision is subject to de novo review. *United States v. Hill*, 915 F.2d 502, 504–05 (9th Cir.1990).

■ The issue before us is a difficult one because neither the applicable Guidelines section nor the underlying criminal statute provides any guidance whatsoever. No other court seems to have directly confronted this issue.[1] Moreover, the rule of lenity—which requires that we resolve ambiguities in criminal statutes in favor of defendants—is of little use here because we do not know whether the defendant's interpretation of section 2L1.2 would end up benefitting defendants in general. We are writing, then, essentially on a clean slate.

Perhaps his sole source of guidance are the purpasive structure animating the Sentencing Guidelines, in particular, the goal of reducing unwarranted sentencing disparities. Under the interpretation urged by the government, a defendant whose prior conviction for cocaine possession was in federal court would fare far better than a defendant whose prior conviction for the same offense was in state court. Therefore, Olvera–Cervantes argues, the government's interpretation would frustrate the goal of uniformity in sentencing. We reject this argument because we do not believe the Guidelines were designed to reduce the sentencing disparity that might arise from the fact that a defendant's prior conviction was in state court. In the context of determining a defendant's criminal history category, for instance, the Guide-

lines explicitly require that the seriousness of a prior crime be calculated in accordance with the actual sentence imposed by the relevant court. *See* U.S.S.G. § 4A1.1. If the Commission were concerned about the discrepancies that could arise from the fact that one defendant was sentenced in state court while another was sentenced in federal court, it would have directed the sentencing court to determine the sentence that the defendant would have received for his earlier conviction had he been sentenced in federal court.

In deferring to the earlier court's calculation of a sentence, the Commission was undoubtedly influenced by the difficulty of applying any other method. Requiring a sentencing court to search for a federal statute analogous to the state statute of conviction would place a heavy burden on courts and would prove particularly difficult in instances where there might not be an analogous federal statute.

■ We think the problem the Commission confronted in the context of criminal history computation is analogous to the problem before us. Absent a directive to the contrary, we see no reason why in the context of section 2L1.2 a sentencing court should be required to determine whether a defendant's conviction would have been a felony or a misdemeanor if he had been charged in federal court. Although a very close call, we think the sentencing court should determine the maximum penalty authorized by the state statute and decide whether that penalty corresponds to the penalty for felonies in federal court.

In light of the foregoing, we hold that a felony conviction, for purposes of Guidelines section 2L1.2, is defined as a convic-

---

1. Defendant's reliance on cases such as *United States v. Smith*, 910 F.2d 326 (6th Cir.1990) and *United States v. Aymelek*, 926 F.2d 64 (1st Cir. 1991) is misplaced. These cases merely stand for the proposition that, under the Guidelines, a conviction's ultimate classification should be determined by federal law. The government does not quarrel with this proposition.

Similarly, the government is incorrect in relying on cases such as *Aymelek* and *United States v. Aichele*, 912 F.2d 1170 (9th Cir.1990), because these cases did not consider the issue before us.

Although in both cases courts mechanically looked at the maximum penalty authorized by the state statute of conviction to determine the classification of an offense for federal sentencing purposes, they were not faced with the argument raised here. In other words, those cases did not consider whether the result would have been different had there been an analogous federal statute which authorized a sufficiently different maximum penalty to alter the classification of the offense.

tion under a statute, state or federal, with a statutory maximum penalty in excess of one year.

AFFIRMED.