17 F.3d 1437
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Joe CHAVEZ, Defendant-Appellant.
 No. 93-4083.
 United States Court of Appeals, Tenth Circuit.
 Feb. 14, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before BRORBY and EBEL, Circuit Judges, and COOK, District Judge.[2]
 
 
 2
 Anthony Joe Chavez was convicted as a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. 922(g). In this appeal, we consider whether the evidence presented at trial was sufficient to support Chavez's conviction and whether the district court properly determined that his prior conviction for burglary constituted a "crime of violence" under 2K2.1(a) of the United States Sentencing Guidelines. We affirm.
 
 I. Background
 
 3
 This conviction arose when two Utah State Parole Officers, while conducting a home visit of Chavez, discovered a Mosberg 20-gauge shotgun and a box of hollow-point rifle slugs in the trunk of Chavez's vehicle.
 
 
 4
 Shortly after the parole officers arrived at Chavez's home to conduct the visit, Chavez returned home in his automobile. When the officers requested permission to search the trunk of the vehicle, Chavez replied that he did not possess the key. As the officers started to open the trunk without a key, Chavez fled on foot. The officers discovered the shotgun and ammunition inside the trunk and subsequently identified the shotgun as having been stolen during a burglary the previous day. After discovering the shotgun, the officers apprehended Chavez and administered Miranda warnings. One officer testified at trial that Chavez confessed to having obtained the shotgun during a burglary. After a one-day jury trial, Chavez was convicted of violating 18 U.S.C. 922(g) and timely filed this appeal.
 
 II. The Sufficiency of the Evidence
 
 5
 We turn first to Chavez's claim that the government failed to present sufficient evidence that he knowingly possessed the firearm and ammunition, an essential element of 18 U.S.C. 922(g).[3] In the context of a criminal case, "evidence--both direct and circumstantial, together with the reasonable inferences to be drawn therefrom--is sufficient if, when taken in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt." U.S. v. Hager, 969 F.2d 883, 887 (10th Cir.), cert. denied, 113 S.Ct. 437 (1992).
 
 
 6
 The government may satisfy its burden of proving that the defendant knowingly possessed the firearm and ammunition in violation of 922(g) by offering proof of actual or constructive possession. See U.S. v. Wright, 932 F.2d 868, 881 (10th Cir.), cert. denied, 112 S.Ct. 428 (1991). We hold that the government in the instant case satisfied its burden by proffering several evidentiary items to demonstrate Chavez's actual or constructive knowledge of the firearm and ammunition in the trunk of his vehicle.
 
 
 7
 First, Parole Officer Kennington testified that Chavez confessed that he acquired the firearm during a burglary and had stored it in his trunk until he could sell it. In rebuttal, Chavez contended that he never uttered such a confession. Insofar as Chavez did not dispute that Officer Kennington delivered the Miranda incantation before obtaining the disputed confession, the sole issue at trial with respect to the purported confession was the credibility of Officer Kennington and Chavez. "As an appellate court, we are bound by the rule that the resolution of conflicting evidence and the assessment of the credibility of witnesses is within the sole discretion of the jury as the trier of fact." U.S. v. Espinosa, 771 F.2d 1382, 1391 (10th Cir.), cert. denied, 474 U.S. 1023 (1985). Chavez's protestations to the contrary notwithstanding, we conclude that the government's testimony about the purported confession was properly presented to the jury, that the jury was free to disbelieve Chavez, and that the confession supports the jury's verdict.
 
 
 8
 The government, however, did not rest its case-in-chief solely on the purported confession. It was irrefutable at trial that Chavez was driving, and owned, the car in which the parole officers discovered the firearm and ammunition. That Chavez fled on foot when the parole officers started to open the locked trunk further buttresses the inference that Chavez had knowledge of the firearm and ammunition when the officers confronted him. Cf. Sibron v. New York, 392 U.S. 40, 66-67 (1968) ("[D]eliberately furtive actions and flight at the approach ... of law officers are strong indicia of mens rea.... "). Finally, the government offered testimony that Chavez participated in the burglary in which the firearm was stolen.
 
 
 9
 We recognize that, aside from the confession, the government rested its case on circumstantial evidence that Chavez knowingly possessed the firearm and ammunition that were found in the trunk of his vehicle. Nonetheless, "while the evidence supporting the conviction must be substantial and do more than raise a mere suspicion of guilt ... it need not conclusively exclude every other reasonable hypothesis and it need not negate all possibilities except guilt." U.S. v. Richard, 969 F.2d 849, 856 (10th Cir.) (citations omitted), cert. denied, 113 S.Ct. 248 (1992). Viewing the evidence in the light most favorable to the government, we find sufficient evidence for a reasonable jury to determine beyond a reasonable doubt that Chavez knowingly possessed the firearm and ammunition.
 
 III. Sentence Determination
 
 10
 Chavez next challenges the court's determination of a base offense level of 20 under U.S.S.G. 2K2.1(a)(4)(A). We review de novo the district court's application of the guidelines for errors of law. U.S. v. Norman, 951 F.2d 1182, 1184 (10th Cir.1991). We apply the clearly erroneous standard of review to the factual findings supporting the court's offense level calculations. U.S. v. Smith, 951 F.2d 1164, 1166 (10th Cir.1991).
 
 
 11
 Section 2K2.1(a)(4)(A) directs the court to apply a base offense level of 20 if the defendant "had one prior felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. 2K2.1(a)(4)(A). Here, the court concluded that Chavez's 1989 Utah conviction of burglary constituted a "crime of violence" under U.S.S.G. 4B1.2(1).[4] Chavez acknowledges that he pled guilty in 1989 to violating Utah Code Ann. 76-6-202(2), second degree burglary of a dwelling. He nevertheless asks us to ignore the plain language of 4B1.2(1)(ii), which defines burglary of a dwelling as a crime of violence, and engraft an additional requirement that the state burglary statute of which a defendant was previously convicted must specifically define burglary as a crime of violence.
 
 
 12
 The unambiguous language of 4B1.2(1)(ii) and sound policy concerns require us to decline this invitation. Section 4B1.2(1) does not require the state law to define burglary of a dwelling as a crime of violence, but instead expressly provides that a "state law punishable by imprisonment for a term exceeding one year that ... is burglary of a dwelling" constitutes a crime of violence. U.S.S.G. 4B1.2(1). From a policy standpoint, we explained in U.S. v. Brunson, 907 F.2d 117, 121 (10th Cir.1990), that reliance on state law to determine when a state felony conviction constitutes a crime of violence under 4B1 would undermine the Guidelines' goal of uniformity in sentencing. "Criminals with similar records might receive vastly different sentences simply because their past crimes were defined differently by different states." Id. Because Chavez had previously been convicted of burglary of a dwelling, we conclude that the district court properly assigned him a base offense level of 20 under U.S.S.G. 2K2.1(a)(4)(A).
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable H. Dale Cook, United States District Judge, District of Oklahoma, sitting by designation
 
 
 [3]
 18 U.S.C. 922(g) provides in pertinent part:
 It shall be unlawful for any person ... who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year ... to ... possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.
 
 
 [4]
 Section 4B1.2(1) provides in pertinent part:
 The term "crime of violence" means any offense under federal or state law punishable by imprisonment for a term exceeding one year that--
 (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
 (ii) is burglary of a dwelling,....