52 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Refugio MADERA-RAMIREZ, Defendant-Appellant.
 No. 93-30188.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1994.*
Submission Deferred March 28, 1994.
Resubmitted Feb. 27, 1995.
Decided April 13, 1995.
 
 Before: HUG, HALL and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Refugio Madera-Ramirez appeals his sentence imposed under the Sentencing Guidelines (the guidelines) following his guilty plea to illegally reentering the United States after deportation subsequent to conviction for an aggravated felony, in violation of 8 U.S.C. Sec. 1326(a) and (b)(2) (effective November 18, 1988). He contends the district court erroneously construed USSG Sec. 2L1.2(b)(2) (effective November 1, 1991) as applicable to him and improperly enhanced his base offense level pursuant to that provision. Even if Sec. 2L1.2(b)(2) is applicable to him, Madera-Ramirez argues the district court erroneously believed it had no basis for departing downward from the resulting guidelines range. Therefore, he asks that his sentence be vacated and the case remanded for resentencing.
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and 18 U.S.C. Sec. 3742(a)(2). We affirm.
 
 FACTS
 
 4
 In January 1989, Madera-Ramirez was convicted of possession of cocaine with intent to deliver, an aggravated felony. In March 1992, he was deported to Mexico. Before being deported, he received and signed an Immigration and Naturalization Service (INS) Form I-294 which incorrectly advised that, if he returned to the United States without permission, he could be imprisoned for "not more than two years."
 
 
 5
 In December 1992, Madera-Ramirez reentered the United States illegally and was found in this country. He subsequently pleaded guilty to reentry after deportation as an aggravated felon.
 
 
 6
 In calculating the appropriate sentence, the district court applied USSG Sec. 2L1.2(b)(2) and increased Madera-Ramirez's base offense level by 16 levels. This resulted in an applicable sentencing range of 57 to 71 months. The district court refused to limit the sentence to two years based on Madera-Ramirez's alleged reliance on the erroneous warning provided in Form I-294. In May 1993, pursuant to a plea agreement, Madera-Ramirez was sentenced to 57 months imprisonment.
 
 STANDARDS OF REVIEW
 
 7
 We review de novo the legality of a sentence, United States v. Guzman-Bruno, 27 F.3d 420, 422 (9th Cir.), cert. denied, 115 S.Ct. 451 (1994), and the district court's interpretation of the sentencing guidelines. United States v. Buenrostro-Torres, 24 F.3d 1173, 1174 (9th Cir.1994). A district court's refusal to depart from the guidelines is discretionary and not reviewable on appeal. United States v. Morales, 972 F.2d 1007, 1011 (9th Cir.1992), cert. denied, 113 S.Ct. 1665 (1993); United States v. Dickey, 924 F.2d 836, 839 (9th Cir.), cert. denied, 502 U.S. 943 (1991). However, if the district court indicates it has no discretion to depart, we review that determination de novo. United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992); Dickey, 924 F.2d at 839.
 
 DISCUSSION
 A. Interpretation of Sec. 2L1.2(b)(2)
 
 8
 Under Sec. 2L1.2(b)(2), the base offense level for the crime of unlawfully entering or remaining in the United States is 8. This base offense level can be increased by 16 levels "[i]f the defendant previously was deported after a conviction for an aggravated felony." Madera-Ramirez argues this provision should be interpreted as applying only to defendants who have been the subjects of two deportations. He contends there must be a "previous" deportation in addition to the deportation which gave rise to the violation for which the defendant is presently being sentenced. We disagree.
 
 
 9
 We have previously applied Sec. 2L1.2(b)(2) to enhance a defendant's sentence after only one prior deportation. See Olvera-Cervantes, 960 F.2d 101 (9th Cir.1992). Other circuits have done the same. See, e.g., United States v. Munoz-Cerna, No. 94-1202, 1995 U.S.App. LEXIS 2277 (7th Cir. Feb. 7, 1995); United States v. Rodriguez, 26 F.3d 4 (1st Cir.1994). Although none of these cases involved interpretation of the "previously was deported" language in Sec. 2L1.2(b)(2), in Olvera-Cervantes, we stated that under this provision of the guidelines, "the sentencing court must enhance a defendant's presumptively applicable sentencing range if it finds that the defendant was originally deported after sustaining a felony conviction." Olvera-Cervantes, 960 F.2d at 102 (emphasis added).
 
 
 10
 If Sec. 2L1.2(b)(2) is interpreted by "the plain meaning of its language," as Madera-Ramirez urges, then "previously" means simply "beforehand" and not more-than-once beforehand.
 
 
 11
 We conclude that one previous deportation suffices for application of the Sec. 2L1.2(b)(2) sentence enhancement. Any other interpretation of the enhancement provision would undermine the policy of deterring deported aliens convicted of aggravated felonies from reentering the United States. See United States v. Adeleke, 968 F.2d 1159, 1161 (11th Cir.1992).
 
 B. Downward Departure
 
 12
 After applying the Sec. 2L1.2(b)(2) enhancement, the district court held there was "no legal basis" for limiting Madera-Ramirez's sentence to two years based on his alleged reliance on the erroneous information provided in INS Form I-294. According to Madera-Ramirez, this indicates the court believed it had no discretion to depart downward from the applicable guidelines range. He seeks a remand to the district court with instructions to consider whether a downward departure is warranted.
 
 
 13
 First, we note that Madera-Ramirez made no explicit request for a downward departure before the district court. He pleaded guilty to the crime charged, violation of 8 U.S.C. Sec. 1326(b)(2), with the assistance of counsel. His "eyes [were] wide open and [he had] knowledge of the relevant Guidelines provisions; there was no agreement with the government that the provisions of the Guidelines would not be followed." United States v. Arias-Granados, 941 F.2d 996, 999 (9th Cir.1991). In these circumstances, it would appear Madera-Ramirez waived any request for a downward departure.
 
 
 14
 Even if Madera-Ramirez adequately raised the downward departure issue,[1] he is not entitled to have his sentence vacated. Although the district court did not state specifically that downward departure was inappropriate, its analysis of Madera-Ramirez's particular situation reflects a considered determination that departure below the applicable guideline range was not warranted. The district court's discretionary decision not to depart downward is not reviewable on appeal. United States v. Morales, 972 F.2d at 1011.
 
 
 15
 Finally, the district court's conclusion that there was "no legal basis" for a downward departure is correct. Madera-Ramirez's argument that the erroneous information supplied in INS Form I-294 violates due process guarantees of fair notice, and that his reasonable reliance on that misinformation should estop the government from seeking a sentence longer than two years' duration, is foreclosed by our decisions in United States v. Ullyses-Salazar, 28 F.3d 932 (9th Cir.1994), cert. denied, 63 U.S.L.W. 3690 (U.S. March 20, 1995) (No. 94-7434), and United States v. Sanchez-Montoya, 30 F.3d 1168 (9th Cir.1994) (per curiam), cert. denied, 63 U.S.L.W. 3689 (U.S. March 20, 1995) (No. 94-6675).
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Madera-Ramirez argues that his sentencing memorandum, which stated that the government should not impose more than a two-year sentence based on the I-294 form, and his request for leniency at his sentencing hearing constituted a de facto request for a downward departure