**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ruben DIAZ–BONILLA, Defendant–Appellant.**

**No. 94–8072.**

United States Court of Appeals, Tenth Circuit.

Sept. 14, 1995.

Lisa Leschuck, Assistant United States Attorney, (David D. Freudenthal, United States Attorney, with her on the brief), Cheyenne, Wyoming, for plaintiff-appellee.

Laurence P. Van Court, Federal Public Defender (Michael R. O'Donnell, Assistant Federal Public Defender, with him on the brief), Cheyenne, Wyoming, for defendant-appellant.

Before MOORE and LOGAN, Circuit Judges, and COOK, District Judge. *

H. DALE COOK, District Judge.

Defendant-appellant, an undocumented alien, was convicted of Unlawful Entry of a Previously Deported Alien, in violation of 8 U.S.C. § 1326. Section 2L1.2(b)(1) of the Sentencing Guidelines requires that aliens convicted of illegally re-entering the United States receive a four level enhancement from the base offense level if the defendant was previously deported after being convicted of a felony. The defendant-appellant had a prior conviction under Colorado state law. The district court determined that federal law should control in classifying a prior conviction under state law rather than the classification applied by the state statute. We affirm the district court and hold that in classifying a prior state conviction under § 2L1.2, a felony is defined by reference to the maximum penalty authorized for the offense by the state statute of conviction.

## I.

Defendant-appellant, Ruben Diaz–Bonilla, is a citizen of the Republic of Mexico. On September 29, 1992, he was deported from the United States at the Port of Entry at Laredo, Texas. On March 17, 1994, he was arrested in Washakie County, Wyoming, when he appeared before the county court in connection with a probation violation stemming from a previous Washakie County conviction for driving while under the influence of alcohol. Diaz–Bonilla subsequently admitted to a border patrol agent that he had illegally re-entered the United States at El Paso, Texas, on October 1, 1992.

This was not Diaz–Bonilla's first encounter with authorities. The record indicates that he has been formally deported from the United States on five occasions and has been allowed to voluntarily deport on six other occasions. Each time he has illegally returned to the United States. In May 1980, Diaz–Bonilla pled guilty in Denver District Court to the crime of Third Degree Assault. He was sentenced to two years with one year suspended. He served his sentence and was deported to Mexico in 1980. The Colorado statute defines Third Degree Assault as a misdemeanor. The maximum penalty for the offense is up to two years in the county jail.

On March 23, 1994, in the district court below, a one count indictment was returned against Diaz–Bonilla charging him with the § 1326(a) violation. He pled guilty at arraignment. Diaz–Bonilla filed objections to the presentence report. His objections addressed the probation officer's recommendation that Diaz–Bonilla's base offense level be enhanced four levels by construing the prior Colorado conviction as a felony offense. He argued that the § 2L1.2(b)(1) four offense level was not applicable when the conviction

* Honorable H. Dale Cook, Senior United States District Judge for the Northern, Eastern and Western Districts of Oklahoma, sitting by designation.

relied upon for enhancement was defined as a misdemeanor under state law and not "a conviction for a felony," as required in § 2L1.2(b)(1). After denying the objection, the district court sentenced Diaz–Bonilla to 24 months incarceration.

## II.

The parties disagree as to whether Diaz–Bonilla's sentence was properly enhanced by four levels pursuant to § 2L1.2(b)(1) of the Guidelines which provide: "If the defendant previously was deported after a conviction for a felony, other than a felony involving violation of the immigration laws, increase by 4 levels."

Diaz–Bonilla argues that, in determining whether a defendant has a former felony conviction, the offense classification applied by the state statute of conviction should control. Diaz–Bonilla was formerly convicted under Colorado state law of a Class 1 Misdemeanor, and was sentenced to the two year statutory maximum term of imprisonment for that offense. Government argues that for purposes of uniformity in application of the Guidelines, the term "a conviction for a felony" in § 2L1.2(b)(1) should be defined by reference to federal law. The district court agreed with the government and applied the four level enhancement to Diaz–Bonilla's base offense level.

## III.

■ The district court's factual findings are reviewed for clear error. Its interpretation of a provision in the Sentencing Guidelines is subject to de novo review. *United States v. Wilson*, 41 F.3d 1403, 1404 (10th Cir.1994).

■ The Sentencing Reform Act of 1984 was enacted to achieve greater uniformity in the sentencing of federal crimes. *United States v. Garcia*, 893 F.2d 250, 253 (10th Cir.1989), *cert. denied*, 494 U.S. 1070, 110 S.Ct. 1792, 108 L.Ed.2d 793 (1990). Among the reasons the Guidelines were enacted was to "eliminate indeterminate sentencing" and to "make criminal sentencing fairer and more certain." S.Rep. No. 225, 98th Cong., 2d Sess. 65, U.S.Code Cong. & Admin.News 1984, p. 3182, 3248. The Guidelines seek to accomplish federal sentencing uniformity.

■ A federal criminal law is not generally construed so that its application is dependent on state law. *Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 119, 103 S.Ct. 986, 995, 74 L.Ed.2d 845 (1983). The purpose of the Guidelines would be frustrated by an interpretation that gave effect to a state statutory definition, because its application is nationwide and the federal program's objective of uniformity would be impaired.

■ In the Guidelines, a "felony offense" is defined in § 4A1.2(*o*) as "any federal, state, or local offense punishable by death or a term of imprisonment exceeding one year, regardless of the sentence imposed." In joining the Ninth Circuit, we hold that for purposes of § 2L1.2, a felony conviction is defined as a conviction under a statute, state or federal, with a statutory maximum penalty in excess of one year. *See, United States v. Olvera–Cervantes*, 960 F.2d 101, 103–104 (9th Cir.1992). This definition allows uniform application of the guidelines on a national basis. The rationale for our holding today, is consistent with our holding in *United States v. Brunson*, 907 F.2d 117 (10th Cir.1990). In *Brunson* the defendant argued that the court should rely on state law to determine when a state felony conviction may be classified as a "crime of violence" for purposes of section 4B1.1. In rejecting this argument we state:

> "Were we to do so, however, the uniformity in sentencing that the Guidelines was intended to ensure would be jeopardized. Criminals with similar records might receive vastly different sentences simply because their past crimes were defined differently by different states. We believe that uniformity in sentencing may best be achieved by applying the Guidelines without strict reference to state criminal law definitions."

*Id.* at 121.

## IV.

In summary, we find that the district court properly applied a four level enhancement to Diaz–Bonilla's base offense level under

§ 2L1.2(b)(1), in defining "a conviction for a felony" by application of federal law.

AFFIRMED.