79 F.3d 1150
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Morris T. LEWIS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-3748.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 14, 1996.*
Decided March 14, 1996.
 
 Before POSNER, Chief Judge, and MANION, and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Morris Lewis was convicted of robbing a federally-insured savings and loan association. 18 U.S.C. § 2113.[1] This court affirmed his conviction. United States v. Wilkins, 659 F.2d 769 (7th Cir.1981). Lewis now appeals the denial of his second motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. We affirm.
 
 
 2
 The facts of this case are set out in Wilkins, 659 F.2d at 771. Briefly, Lewis and his accomplices robbed the Crawford Savings and Loan in South Holland, Illinois, on October 15, 1979 and exchanged gunfire with police while escaping. A jury convicted Lewis of robbing the Crawford Savings and Loan and he was sentenced to twenty-five years in prison. After Lewis unsuccessfully appealed his conviction, he moved under § 2255 to vacate, set aside, or correct his sentence; the motion was denied after this court remanded for an evidentiary hearing. In 1994, Lewis filed a second § 2255 petition.
 
 
 3
 "When reviewing a district court's decision to grant or deny a federal prisoner's section 2255 petition, we consider all questions of law de novo. However, we review all factual determinations for clear error." Stoia v. United States, 22 F.3d 766, 768 (7th Cir.1994). A § 2255 petition does not substitute for a direct appeal. Olmstead v. United States, 55 F.3d 316, 319 (7th Cir.1995). Consequently, a petitioner who has failed to raise a claim on direct appeal is barred from raising it in a § 2255 proceeding unless he can establish both good cause for the previous failure and prejudice resulting from it. United States v. Frady, 456 U.S. 152, 167-68 (1982); Barker v. United States, 7 F.3d 629, 632 (7th Cir.1993), cert. denied, 114 S.Ct. 939 (1994). Lewis, however, contends that he is being held in violation of his constitutional rights because, under the requirements of § 2113, prosecutors failed to establish federal jurisdiction in the case against him.[2] United States v. Knop, 701 F.2d 670, 672 (7th Cir.1983) ("Appellant's contention is a challenge ... to federal jurisdiction, an essential element of which is proof of the banks' federal insurance status as of the time of the commission of the offense."). Although Lewis neither raised these arguments during earlier proceedings nor showed cause and prejudice, we will not consider them procedurally defaulted because arguments about defects in subject-matter jurisdiction may not be waived. Kelly v. United States, 29 F.3d 1107, 1112-13 (7th Cir.1994).
 
 
 4
 There are three ways of establishing jurisdiction under § 2113: an institution must be federally chartered, federally insured, or a specified federal credit union. 18 U.S.C. § 2113(g). Lewis alleges that (1) the court's instructions erroneously directed jurors that they had to find that the Crawford Savings and Loan was federally chartered, rather than federally insured, and (2) the prosecution failed to introduce evidence that the savings and loan association was federally insured on the date of the robbery. Further, Lewis objects to the wording of the indictment, which referenced "Crawford Savings and Loan," rather than "Crawford Savings and Loan Association," and "deposits" rather than "accounts."
 
 
 5
 Lewis's indictment charged him with robbing the Crawford Savings and Loan, "the deposits of which were then and there insured by the Federal Savings and Loan Insurance Corporation." Appellant's Appendix 1. Thus, to establish federal jurisdiction the government had to prove, and the jury had to find, that the savings and loan was federally insured. Knop, 701 F.2d at 672; see also United States v. Brunson, 907 F.2d 117, 118-19 (10th Cir.1990); United States v. Slovacek, 867 F.2d 842, 845 (5th Cir.), cert. denied, 490 U.S. 1094 (1989). Lewis, pointing to the sentence "Title 18, United States Code, Section 2213(g) [sic] defines the term 'savings and loan association' to mean any federal savings and loan association," Tr.Vol. 8 at 822, claims that the trial judge erroneously directed the jury that it had to find that the savings and loan was federally chartered, rather than federally insured. Consequently, he alleges, the jury did not find the essential jurisdictional element of federal insurance status. Cf. United States v. Fitzpatrick, 581 F.2d 1221 (5th Cir.1978) (court erroneously instructed jury to find federal charter rather than, as charged, federally insured).
 
 
 6
 Lewis, however, errs in his approach to evaluating jury instructions. "In assessing a challenge to the jury instructions in a criminal case, we consider the instructions as a whole; we will not overturn a conviction for instructional error so long as the instructions treat the contested issues fairly and adequately." United States v. Yarbough, 55 F.3d 280, 284 (7th Cir.1995). Thus, the sentence that Lewis identifies will not sustain his claim unless the instructions as a whole directed the jury that it had to find that the savings and loan was federally chartered. The jury instructions, however, also stated that the jury had to find four essential elements to convict Lewis of violating § 2113:
 
 
 7
 First. The act or acts of taking from the person or presence of another money belonging to or in the care, custody, control, management or possession of a savings and loan association as charged.
 
 
 8
 Second. The act or acts of taking such money by force or violence or by means of intimidation.
 
 
 9
 Third. The act or acts of assaulting or putting in jeopardy the life of a person by the use of a dangerous weapon or device while engaged in taking such money from the savings and loan association as charged.
 
 
 10
 Fourth. Doing such act or acts wilfully.
 
 
 11
 Tr.Vol. 8 at 824 (emphasis added). Further, the jury was given a copy of the indictment to which to refer. Tr.Vol. 8 at 821. That indictment specified that the savings and loan in question was a federally-insured institution. Appellant's Appendix 1. Although the trial court should have specifically instructed on the federal insurance element, it is clear that the jury was instructed that to convict Lewis it must find the elements charged in the indictment. Consequently, by arriving at a guilty verdict the jury necessarily found that the savings and loan was federally insured. Cf. Carella v. California, 491 U.S. 263, 271 (1989) (Scalia, J., concurring) ("When the predicate facts relied upon in the instruction, or other facts necessarily found by the jury, are so closely related to the ultimate fact to be presumed that no rational jury could find those facts without also finding that ultimate fact, making those findings is functionally equivalent to finding the element required to be presumed."); Rose v. Clark, 478 U.S. 570, 580-81 (1986) (where jury finds predicate facts such that rational person could not find that defendant who committed act did not intend to do so, erroneous instruction to presume intent superfluous and harmless error); see also United States v. Brown, 616 F.2d 844, 846-48 (5th Cir.1980) (reference to and incorporation of indictment sufficed to sustain conviction despite erroneous jury instruction).
 
 
 12
 Lewis also claims that the government failed its burden of production on this issue. This claim is meritless: the government did present evidence that the Crawford Savings and Loan was federally insured. The record clearly reflects that the assistant branch manager testified that the institution was insured by the Federal Savings & Loan Insurance Corporation on the date of the robbery. Tr.Vol. 5 at 107. Further, the insurance certificate was admitted into evidence. Tr.Vol. 5 at 125. Lewis's accusations to the contrary, not only was this evidence placed before the jury, but also it was sufficient to allow the jury to make the necessary finding of federally-insured status. United States v. Harris, 914 F.2d 927, 933-34 (7th Cir.1990); United States v. Taylor, 728 F.2d 930, 933 (7th Cir.1984); Knop, 701 F.2d at 673-74; see also United States v. Corbin, 972 F.2d 271, 272 (9th Cir.1992); Brunson, 907 F.2d at 119.
 
 
 13
 Additionally, Lewis contests the language of the indictment. He did not argue this issue before the district court, and generally arguments not presented to the district court are waived. Again, however, we will address the merits of a potential jurisdictional problem: unless there is a valid waiver, the lack of a valid indictment in a felony case is a defect that goes to the jurisdiction of the court. Smith v. United States, 360 U.S. 1, 10 (1959).[3]
 
 
 14
 "An indictment is sufficient if it (1) states all the elements of the offense charged, (2) informs the defendant of the nature of the charge, enabling the defendant to prepare a defense, and (3) enables the defendant to plead the judgment as a bar to later prosecution of the same offense." United States v. Allender, 62 F.3d 909, 914 (7th Cir.1995). The indictment against Lewis adequately serves these goals. The omission of the word "association," and the use of "deposits," rather than "accounts," is not fatal. See United States v. McNeal, 865 F.2d 1167-1170 (10th Cir.), cert. denied, 490 U.S. 1094 (1989); United States v. Quintanilla, 2 F.3d 1469, 1474 (7th Cir.1993) ("Convictions are no longer reversed because of minor and technical deficiencies which did not prejudice the accused." (quoting Russell v. United States, 369 U.S. 749, 763 (1962)); Fed.R.Crim.P. 7(c) (requiring only "plain, concise and definite written statement of the essential facts constituting the offense charged" and identification of law alleged to have been violated).
 
 
 15
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 18 U.S.C. § 2113 has been amended since Lewis was convicted. References to the statute and its subsections will follow the version in effect at his conviction in 1980
 
 
 [2]
 In the district court Lewis also challenged the constitutionality of admitting his confession at trial, but he did not appeal that issue
 
 
 [3]
 Federal Rule of Criminal Procedure 7(b) provides that a defendant accused of an offense punishable by more than one year of imprisonment or at hard labor may waive prosecution by indictment after having been advised of the nature of the charge and of his rights. There is no indication that Lewis waived or attempted to waive prosecution by indictment