**UNITED STATES COURT OF APPEALS**
**Filed 4/25/96**
**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA, )
                                          )
    Plaintiff-Appellee, )
                                          )
v. )           No. 95-1320
                                          )   (D.C. No. 94-CR-327-1)
STEPHEN FUTRELL, )      (D. Colorado)
                                          )
    Defendant-Appellant. )

**ORDER AND JUDGMENT**[*]

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Stephen Futrell pled guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to 256 months imprisonment based on a total offense level of 34 and a criminal history category of VI. Mr. Futrell appeals his sentence claiming the district court erred in finding him to be a career offender who thus warranted a criminal history category of VI. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under 10th Cir. R. 36.3.

A defendant is sentenced as a career offender under USSG §4B1.1

> if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

The term "crime of violence" is defined in USSG §4B1.2(1) as "any offense under federal or state law punishable by imprisonment for a term exceeding one year that -- (i) has as an element the use, attempted use or threatened use of physical force against the person of another." Application note 2 of the commentary to §4B1.2 provides that a "'[c]rime of violence' includes murder, manslaughter, kidnaping, aggravated assault, forcible sex offenses, *robbery*, arson, extortion, extortionate extension of credit, and burglary of a dwelling." (Emphasis added.)

Mr. Futrell argued his two prior robbery convictions under Colorado state law were not "crimes of violence" and should not have been used to characterize him as a career offender under USSG §4B1.1. The district court rejected this argument finding the Colorado definition of robbery "is precisely within the definition of §4B1.2(1)(I), corroborated by application note 2." On appeal Mr. Futrell claims the Colorado robbery statute "is broad in scope, disjunctive in nature (as alternative theories for the robbery exist) and does not necessarily require even the threat of physical force against the person of another." He also argues that "[t]he fact that the commentary in the guidelines made mention of robbery as a crime of violence does not require the trial court to so find if in fact the statutory definition of the robbery fits neither ... §4B1.2(i) or (ii)."

We review *de novo* the district court's findings regarding whether Mr. Futrell's two prior robbery convictions are crimes of violence. *United States v. Smith*, 10 F.3d 724, 730 (10th Cir.

1993).  Mr. Futrell does not dispute that he was over eighteen years old at the time of the instant offense, that the instant offense involved a controlled substance, or that he has two prior felony convictions for robbery in Colorado.  Instead he focuses on the definition of robbery in Colorado.  In Colorado, "[a] person who knowingly takes anything of value from the person or presence of another by the use of force, threats, or intimidation commits robbery."  Colo. Rev. Stat. § 18-4-301 (1).  Mr. Futrell maintains that the statute's failure to include a requirement that physical force be used in the commission of the robbery means it is not a "crime of violence" under USSG §4B1.1.  We are not persuaded by this argument.  The statute requires the use of force, threat or intimidation, which all involve an element of violence.  More importantly, however, we need not make such an analysis because we have held that no evaluation of state law is to be made "to determine when a state felony conviction may be classified as a crime of violence for purposes of §4B1.1"  *United States v. Brunson*, 907 F.2d 117, 121 (10th Cir. 1990).  In *Brunson*, we recognized that "[w]ere we to do so, ... the uniformity in sentencing the Guidelines was intended to ensure would be jeopardized.  Criminals with similar records might receive vastly different sentences simply because their past crimes were defined differently by different states."  *Id.*

We thus rely on the Sentencing Guidelines themselves to determine whether Mr. Futrell's two prior robbery convictions constitute "crimes of violence."  We note we are bound by the commentary to §4B1.2 which specifically includes robbery as a crime of violence.  *Stinson v. United States*, 508 U.S. 36, ___, 113 S. Ct. 1913, 1919-20 (1993) (holding that generally the Sentencing Commission's commentary is to be given "controlling weight" and that the commentary to §4B1.2 is a "a binding interpretation of the phrase 'crime of violence.'"); *Smith,* 10 F.3d at 731, n.6 (same).  Mr. Futrell's

arguments to the contrary are unsupported by precedent and lack merit.

For the reasons stated above the district court's finding is **AFFIRMED**.

Entered for the Court:

**WADE BRORBY**
United States Circuit Judge