**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 30 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FELIX REYES,

Defendant-Appellant.

No. 98-8057
(Dist. of Wyoming)
(D.C. No. 98-CR-012-02-D)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This court, therefore, honors the parties' requests and orders the case submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Felix Reyes was charged in two counts of a five-count indictment with conspiracy to possess and distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846 and one count of distributing methamphetamine in violation of §§ 841(a)(1) and 841(b)(1)(B). Reyes ultimately pleaded guilty to the conspiracy count and was sentenced to a 78-month term of imprisonment. Reyes appeals, raising the following two claims of error: (1) the district court violated the Ex Post Facto Clause when it sentenced Reyes pursuant to the United States Sentencing Commission *Guidelines Manual* ("sentencing guidelines") which became effective November 1, 1997, where the majority of the conspiracy transpired before the effective date; and (2) the United States obtained Reyes' plea through the threatened use of the testimony of a coconspirator who had been offered sentencing consideration by the government in exchange for testimony in violation of 18 U.S.C. § 201(c)(2). This court exercises jurisdiction pursuant to 28 U.S.C. 1291 and 18 U.S.C. 3742 and **affirms**.

The conspiracy count of the indictment to which Reyes pleaded guilty charged that from approximately April of 1997 through November 24, 1997, Reyes involved himself in a conspiracy to distribute methamphetamine in Wyoming. Reyes engaged in an on again-off again relationship with Darwin Haselhuhn, pursuant to which Reyes would obtain quantities of methamphetamine

-2-

from his source or sources and thereafter deliver the methamphetamine to Haselhuhn for redistribution. Although the quantities involved were relatively small during the early part of the conspiracy, around August of 1997 the deliveries became more frequent and the quantities more substantial. During November of 1997, Reyes delivered a total of four and one-half ounces to Haselhuhn. Using this total, Reyes asserts that only approximately 10% of the conspiracy transpired after November 1, 1997. The conspiracy essentially expired on November 24th when Haselhuhn was arrested.

Reyes contends that the district court erred in sentencing him pursuant to the version of the sentencing guidelines effective November 1, 1997, because only 10% of the conspiracy transpired after that date. This court reviews a district court's legal interpretation of the sentencing guidelines *de novo*. *United States v. Hargus*, 128 F.3d 1358, 1364 (10th Cir. 1997), *cert. denied*, 118 S. Ct. 1526 (1998). We apply that same standard of review to a district court's interpretation of the Ex Post Facto Clause. *United States v. Hampshire*, 95 F.3d 999, 1005 (10th Cir. 1996).

Reyes' claim of error is clearly foreclosed by this court's decision in *United States v. Stanberry*, 963 F.2d 1323, 1327 (10th Cir. 1992). In *Stanberry*, this court rejected the exact argument advanced by Reyes, holding as follows: "When a conspiracy begins during a period where the application of certain Guidelines

would be controlling and extends into a period when another Guideline application would be appropriate, there is no violation of the *ex post facto* clause in applying the Guidelines in effect at the time of the last act of the conspiracy." *Id.* Because Reyes admits that approximately 10% of the conspiracy transpired after the effective date of the November 1, 1997, sentencing guidelines, the application of those guidelines to his case comports with the requirements of the Ex Post Facto Clause.[1]

Relying on this court's opinion in *United States v. Singleton*, 144 F.3d 1343 (10th Cir. 1998), Reyes asserts that the United States violated 18 U.S.C. § 201(c)(2) when it induced his guilty plea through the threatened use of the testimony of Haselhuhn, where such testimony was obtained through an offer of sentencing leniency. The *en banc* court recently overruled the panel decision in *Singleton*, holding that § 210(c)(2) does not apply to a prosecutor's offering of otherwise lawful incentives to a witness in consideration of that witness' testimony. *See United States v. Singleton*, 165 F.3d 1297 (10th Cir. 1999) (*en banc*). Reyes' claim of error is foreclosed by this *en banc* decision.

---

[1]Reyes argues that even if such application is not mandated by the Ex Post Facto Clause, the district court had the discretion to apply the sentencing guidelines in effect during the period in which most of the conspiracy transpired. This court has held, however, that absent a constitutional impediment, the district court "shall" apply the sentencing guidelines in effect at the time of sentencing. *See United States v. Brunson*, 907 F.2d 117, 120 (10th Cir. 1990) (citing 18 U.S.C. §§ 3553(a)(4) & (a)(5)).

For those reasons set out above, the sentence imposed by the United States District Court for the District of Wyoming is hereby **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge