**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 17, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

STEPHEN FUTRELL,

      Defendant-Appellant.

No. 05-1425

(D.C. No. 94-CR-327 LTB)

(D. Colo.)

---

**ORDER**

---

Before **KELLY**, **McKAY,** and **LUCERO**, Circuit Judges.

---

Appellant, a federal prisoner appearing pro se, pleaded guilty to one count of distribution of more than fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to a term of 256 months' imprisonment on July 25, 1995. Appellant filed a direct appeal, contending that he was not a career offender. *United States v. Futrell*, No. 95-1320, 1996 WL 200602, at *1-*2 (10th Cir. Apr. 25, 1996). We rejected Appellant's argument. *Id*.

Nearly nine years later, Appellant filed a motion contesting the validity of his sentence, arguing that the Government's failure to file an information pursuant to 21 U.S.C. § 851(a)(1) rendered his conviction void. The district court construed Appellant's motion as one for relief under 28 U.S.C. § 2255. Order, 1

(D. Colo. Feb.16, 2005).  The district court explained:

> [A] "district court may not recharacterize a pro se litigant's motion as a request for relief under § 2255–unless the [c]ourt first warns the pro se litigant about the consequences of the recharacterization, thereby giving the litigant an opportunity to contest the recharacterization, or to withdraw or amend the motion."

*Id*. at 2 (quoting *Castro v. United States*, 540 U.S. 375, 381 (2003)).

Consequently, the district court reminded Appellant that he would have twenty days from the date of the order to contest the recharacterization of his motion under § 2255.  Appellant did file a timely response to the court's motion on February 23, 2005, but did not contest the district court's classification of his motion under § 2255.

On July 19, 2005, the district court issued an order denying Appellant's motion because under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2255, Appellant must bring an appeal within one year of the date that his conviction became final.  *See* Order, 1 (D. Colo.).  Appellant's conviction became final ninety days after our April 25, 1996, Order and Judgment. Appellant filed this motion on January 12, 2005, outside the time limitations imposed by AEDPA.  Therefore, the district court held that Appellant's motion was "barred by the provisions of that Act."  *Id*.

Since we agree with the district court's construal of Appellant's motion as coming under § 2255, we review for whether to grant him a certificate of

appealability. The issues he raises on appeal are identical to those brought before the district court.

To grant a certificate of appealability, Appellant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (1994). In order to meet this burden, Appellant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted).

We have carefully reviewed the briefs of Appellant and Appellee, the district court's disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Appellant's filing raises an issue which meets our standard for the grant of a certificate of appealability. For substantially the same reasons set forth by the district court in its orders of February 16, 2005, and July 19, 2005, we cannot say "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Id.*

We **DENY** Appellant a certificate of appealability and **DISMISS** the appeal.

Entered for the Court

Monroe G. McKay
Circuit Judge