**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 8 2004**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.                                                    No. 03-4029

PAUL JAY DELL,

    Defendant - Appellant.

**Appeal from the United States District Court**
**for the District of Utah**
**(D.C. No. 2:01-CR-00552-PGC)**

Submitted on the briefs:[*]

Paul M. Warner, United States Attorney, and Wayne T. Dance, Assistant United States Attorney for the Plaintiff-Appellee.

Steven B. Killpack, Federal Public Defender, and Scott Keith Wilson, Assistant Federal Public Defender, for the Defendant-Appellant.

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

**LUCERO**, Circuit Judge.

---

  [*] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. The case is ordered submitted without oral argument pursuant to Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G).

In this direct criminal appeal, Paul Jay Dell argues that the district court erred in calculating his sentencing guideline range by counting a plea in abeyance as a prior conviction for purposes of U.S.S.G. § 2K2.1(a)(4)(A). We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a)(2) and 28 U.S.C. § 1291 and **AFFIRM**.

## I

In October 2002, Dell was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and possession of a stolen firearm in violation of 18 U.S.C. § 922(j). Following these convictions, the probation office prepared a presentence report which included a 1996 drug charge against Dell as a prior felony conviction for the purposes of calculating his base offense level under United States Sentencing Guideline[1] ("U.S.S.G.") § 2K2.1(a)(4)(A). At the sentencing hearing, Dell objected to the presentence report, contending that his base offense level was incorrectly calculated. Specifically, Dell argued that his 1998 plea in abeyance to the 1996 state drug charge should not be considered a

---

[1] The 2001 Sentencing Guidelines were argued in front of the district court for this case, though the presentence report refers to the 2002 guidelines. Our review finds that the sections and notes referred to in this opinion are identical in the two editions; however, because the district court apparently relied upon the 2001 edition, all references will be to the 2001 Sentencing Guidelines.

conviction under § 2K2.1(a)(4)(A) because he successfully completed court-ordered treatment and because the state court dismissed the charge at the conclusion of his treatment. The district court denied Dell's objection, reasoning that § 2K2.1 Application Note 15 directs a sentencing court to include offenses that are countable toward a criminal history category in calculating the applicable offense level. Accordingly, it sentenced Dell to sixty-three months of imprisonment and a fine; this appeal followed.

## II

We review a district court's interpretation of the Sentencing Guidelines de novo, United States v. Fortier, 180 F.3d 1217, 1225 (10th Cir. 1999), interpreting the Sentencing Guidelines "as if they were a statute," and following their language where it is clear and unambiguous, United States v. Tagore, 158 F.3d 1124, 1128 (10th Cir. 1998). We consider the commentary included with the Guidelines "authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." Stinson v. United States, 508 U.S. 36, 38 (1993).

Sentencing courts look to § 2K2.1 for guidance in determining the proper base offense level to apply to an unlawful firearm possession conviction. Section 2K2.1(a)(4)(A), which the district court applied in this case, authorizes a base offense level of twenty if a defendant "committed any part of the instant

-3-

offense subsequent to sustaining one <u>felony conviction</u> of . . . a <u>controlled</u>

<u>substance offense</u>." (emphasis added).  The parties do not dispute that Dell's 1996

drug charge is a "controlled substance offense" under the guideline.  Thus, we are

left to decide only whether Dell's plea in abeyance constitutes a felony conviction

for sentencing under § 2K2.1.

Relying on § 2K2.1, Application Note 5, Dell argues that we should look to

Utah state law to define "conviction."  Application Note 5 states that for the

purposes of § 2K2.1 generally, a felony conviction consists of "a prior adult

federal or state conviction for an offense punishable by death or imprisonment for

a term exceeding one year, regardless of whether such offense is specifically

designated as a felony and regardless of the actual sentence imposed."  U.S.S.G. §

2K2.1, cmt. n.5   Seizing upon the words "state conviction," Dell argues that

because Utah law does not consider a plea in abeyance a state conviction,[2] <u>see,</u>

<u>e.g.</u>, Utah Stat. § 77-2a-1, Utah Stat. § 77-2a-4, his 1996 drug charge did not

_____

[2] Even if we were to accept Dell's argument that we must look to state, as opposed to federal, law to define the term conviction in this context, we still face an ambiguity, as Utah law does consider a plea in abeyance a conviction under certain circumstances.  <u>Compare</u> Utah Stat. § 77-2a-1 (defining a plea in abeyance as "an order by a court . . . accepting a plea of guilty . . . but not, at that time, entering judgment of conviction against him") with § 77-38a-102(8) (including a plea of guilty as a conviction for the purposes of the Crime Restitution Act); <u>see also,</u> <u>Gorman</u>, 312 F.3d at 1165 (referring to Utah's plea in abeyance: "upon entry of a guilty plea and its acceptance, a defendant is convicted under Utah law, but the full consequences of conviction are not visited upon [him]").

result in a "conviction," and therefore, § 2K2.1(a)(4)(A) should not have been applied to him. We disagree with this conclusion.

United States v. Hines, 133 F.3d 1360, 1364 (10th Cir. 1998), though not controlling here, is instructive. Hines considered the meaning of "expunged" in the context of § 2K2.1(a)(4)(A), following a defendant's § 922(g)(1) conviction. In Hines, the defendant argued that his conviction, expunged under Arkansas law, should not be counted as a conviction for purposes of sentencing. Notwithstanding the fact that Application Note 10 explicitly stated that "expunged convictions are not counted" in computing a defendant's criminal history category, U.S.S.G. § 4A1.2, cmt. n.10., we included his conviction, reasoning that we were not bound by "the varied nomenclature among jurisdictions." Id. at 1363. To the contrary, we stated explicitly that "a state's use of the term 'expunge' is not controlling in determining whether a conviction is properly included in calculating a defendant's criminal history category." Id.

Similarly, in the instant case, § 2K2.1, Application Note 5 defines a felony conviction for the purposes of this guideline as one that need not be called a felony or result in incarceration, thus casting doubt upon Dell's argument that a state conviction must be defined in reference to state law. Accordingly, we reject Dell's invitation to import Utah law into this application note. Recognizing that the one of the purposes of the Sentencing Guidelines was to promote uniform

sentences, see United States v. Koon, 518 U.S. 81, 113 (1996); United States v. Diaz-Bonilla, 65 F.3d 875, 877 (10th Cir. 1995), we conclude that reliance on state nomenclature in this context would undermine uniformity. Therefore, as in Hines, we are not bound by varied state definitions in determining what constitutes a conviction for the purposes of applying § 2K2.1(a)(4)(A).

Although Application Note 5 addresses felony convictions for the purposes of § 2K2.1 generally, it alone does not resolve the issue before us. We must also look to Application Note 15, which explains that when applying § 2K2.1(a)(4)(A), "felony convictions that receive criminal history points under § 4A1.1(a), (b), or (c)" are counted. U.S.S.G. §2K2.1, cmt. n.15. Thus, § 2K2.1 explicitly directs a sentencing court to the criminal history guidelines under § 4A1.1 to determine the appropriate base offense level.

Section 4A1.1 lists specific factors and the associated number of criminal history points that a sentencing court should add to determine a defendant's appropriate criminal history category based upon his or her prior record of past criminal conduct. Under § 4A1.1(a), (b), or (c), one to three criminal history points are added to the defendant's criminal history category for "each prior sentence." Dell candidly acknowledges that his plea in abeyance constitutes a sentence under § 4A1.2(f) and therefore receives one criminal history point under § 4A1.1. See also, Gorman, 312 F.3d at 1167. We agree, noting that § 4A1.2(f)

-6-

states that a "diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a sentence under § 4A1.1(c) <u>even if a conviction is not formally entered</u>." (emphasis added).

Because Dell's plea in abeyance receives one criminal history point under § 4A1.1(c), and because § 2K2.1 explicitly relies upon the criminal history guidelines to direct a sentencing court to the appropriate base offense level, we conclude that the district court properly counted Dell's plea in abeyance as a conviction under § 2K2.1(a)(4)(A) in determining Dell's base offense level. We find the plain language of the sentencing guidelines and the accompanying commentary to be dispositive, directing the conclusion that Dell's plea in abeyance count as a conviction for the purpose of determining his correct base offense level under § 2K2.1(a)(4)(A).

In analyzing this claim, we also note that at least two other circuits, the Fifth and the Eleventh, have concluded that deferred adjudications, such as the plea in abeyance here, constitute felony convictions for the purposes of § 2K2.1. <u>See</u> <u>United States v. Fernandez</u>, 234 F.3d 1345, 1346 (11th Cir. 2000); <u>United States v. Stauder</u>, 73 F.3d 56, 57 (5th Cir. 1996). Additionally, under § 4A1.1, prior sentences are only counted to increase criminal history points, and in this instance, to increase a defendant's base offense level after an adjudication of

guilt.  U.S.S.G. § 4A1.1.  Application Note 9 of § 4A1.2 specifically explains that the counting of diversionary dispositions as sentences "reflects a policy that defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency."  U.S.S.G. § 4A1.2, cmt. n.9.

Accordingly, we **AFFIRM**.