

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-18-2006

# USA v. Webb

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4065

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Webb" (2006). *2006 Decisions*. Paper 318.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/318

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4065
_____

THE UNITED STATES OF AMERICA

v.

ANDRE WEBB,
Appellant

_____
Appeal from the
United States District Court for the
Eastern District of Pennsylvania
(Criminal No. 04-cr-00449)
District Judge: The Honorable Anita B. Brody
_____

Submitted Under Third Circuit LAR 34.1(a)
October 3, 2006
_____

Before: MCKEE, AMBRO and NYGAARD,
Circuit Judges

(Filed: October 18, 2006)
_____

OPINION
_____

MCKEE, <u>Circuit Judge</u>.

Andre Webb was convicted by a jury on 17 of 21 counts relating to the unlawful straw purchase of firearms. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which she represents that there are no nonfrivolous issues for appeal. We have reviewed the possible contentions outlined in counsel's *Anders* Brief and supplemented by Webb's informal *pro se* Brief. We agree that there are no meritorious issues, and we will therefore affirm.

## I.

We review counsel's request for permission to withdraw to determine: (1) whether counsel adequately fulfilled Third Circuit L.A.R. 109.2(a)'s requirements; and (2) whether an independent review of the record presents any nonfrivolous issues for appeal. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). An appeal of a question of law is frivolous where "none of the legal points are arguable on their merits." *Id*. at 301 (internal citation and question marks omitted).

Counsel's *Anders* brief suggests nine possible issues, all of which counsel concludes are frivolous. Webb addresses four of the same issues and raises one additional claim in his *pro se* "Supplemental Appendix and Rebuttal Brief." We consider each in turn. Since we are writing primarily for the parties, we need not set forth the factual or procedural background of this appeal.

## II. Discussion

**A. Issues Raised by Webb in his *Pro Se* Rebuttal Brief**

**1. Speedy Trial Violation**

Webb claims a violation of the Speedy Trial Act because he was not indicted within 30 days of his arrest. His claim fails both because it lacks merit and because it was waived.

The government obtained a complaint and warrant for Webb's arrest based upon his aiding and abetting Rowley in the straw purchase of a firearm on June 14, 2004. However, the warrant was not immediately executed because Webb was serving a sentence for violation of supervised release in a federal institution in New York. The warrant was executed on July 7, 2004, when Webb was brought to Philadelphia for his initial appearance on the complaint. Webb was indicted less than 30 days later, on August 3, 2004. The indictment included 20 other charges not included in the complaint.

The 30-day Speedy Trial Act clock begins to tick when a defendant is "arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). Accordingly, the time began to run here on July 7, 2004. Thus, when Webb was indicted in less than 30 days, and there is no Speedy Trial Act violation.

Moreover, assuming *arguendo* that this claim has merit, it has been waived because Webb failed to move for dismissal prior to trial. 18 U.S.C. § 3162(a)(2); *see also United States v. Palma-Ruedas*, 121 F.3d 841, 855 (3d Cir. 1997), overruled on other grounds, *United States v. Rodgriguez-Moreno*, 526 U.S. 275 (1999).

## 2. Rule 403

Webb objects to the District Court's decision to admit evidence photographs of ten firearms, and five actual firearms because one of those weapons was purchased by Webb's associate for his own use and was not charged in the indictment. Although the precise nature of his argument is difficult to ascertain from his *pro se* brief, Webb may be basing his appellate argument on either of two different claims. First, he may be claiming that the cumulative weight of the photographs and guns unduly inflamed the jury, and should therefore have been kept out of evidence under Fed. R. Evid. 403. Second, he may also be attempting to claim that evidence (Government Exhibit 14) should have been excluded because it was not relevant to the charges, and whatever probative value it may have had was outweighed by its potential for prejudice.

When a timely objection is made to evidence, we review only for abuse of discretion. *Forrest v. Beloit Corp.*, 424 F.3d 344, 349 (3d Cir. 2005). "An abuse of discretion arises where the District Court's decision 'rests upon a clearly erroneous finding of fact, errant conclusion of law or an improper application of law to fact.' " *Id.* (quoting *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir. 2000)). Absent a timely objection, we review only for plain error. Here, Webb did not properly preserve his objection, and we therefore review only for plain error. *United States v. Moore*, 375 F.3d 259, 262 (3d Cir. 2004) (citing *United States v. Boone*, 279 F.3d 163, 188 (3d Cir. 2002)). To establish plain error, a defendant must show "(1) error, (2) that is plain, and (3) that

affects substantial rights. If all three conditions are met, we may then exercise our discretion and address the error if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *Johnson v. United States*, 520 U.S. 461, 467, 117 S. Ct. 1544, 137 L. Ed.2d 718 (1997)).

Under Rule 403, evidence that is otherwise admissible may be excluded if its probative value is outweighed by its prejudicial value, potential confusion, delay, or if it is merely cumulative. Given the charges contained in the indictment, and the overwhelming evidence against Webb, admitting the single gun that Webb purchased for his own use could not possibly have improperly violated the balance required by Rule 403. Moreover, we must afford the court's analysis under Rule 403 substantial deference. *United States v. Scarf*, 850 F.2d 1015, 1019 (3d Cir. 1988).

The alternative view of Webb's claim of error regarding this evidence is also meritless. At trial, Webb objected to Exhibit 14 claiming it would inflame the jury. However, the objection was not renewed after the government explained why the Exhibit could properly be received in evidence. In addition, the court gave a cautionary instruction that informed the jury of the limited value of the evidence and that the gun in Exhibit 14 was not obtained through a straw purchase. App. 309-310.

**3. Admissibility of Rowley Testimony**

Before trial, Webb objected to allowing Andrea Rowley to testify that he had instructed Victoria Berry to tell Rowley that, "the baby wasn't his." The Government

5

claimed that the testimony was actually a coded signal from Webb to Rowley instructing her to tell the police that the guns purchased on May 14 were for her, and not for Webb. The court agreed and overruled the objection because Berry was speaking as Webb's agent. *See* Fed. R. Evid. 801(d)(2)©). We review that ruling for abuse of discretion. *Forrest,* 424 F.3d at 349.

We agree that the testimony was an adoptive admission, and therefore admissible under Rule 801(d)(2)©). Moreover, any error would have been harmless in light of the substantial evidence that was presented to the jury. Accordingly, this issue is without merit.

**4. Confrontation Clause Violation**

Webb next argues that the District Court's failure to allow him to cross-examine Berry about this statement violated his rights under the Confrontation Clause even though Berry did not testify. This issue was not preserved for review. *See United States v. Mitchell*, 365 F.3d 215, 257 (3d Cir. 2004) (defendant failed to preserve an objection for appeal when he raised objections on specific grounds at trial, but raised different ones on appeal). However, even if the objection had been preserved, it would be meritless since an adoptive admission is tantamount to the defendant's own statement, not the statement of another. *See e.g. United States v. Kehoe*, 310 F.3d 579, 590-91 (8th Cir. 2002).

Moreover, Webb was free to call Berry as a witness in order to challenge the veracity of this testimony; he chose not to. *See* Fed. R. Evid. 806. He attempts to avoid

6

the impact of that omission by arguing in his *pro se* Rebuttal Brief that since the Government listed Victoria Berry as its witness, he assumed he would have an opportunity to confront her on cross-examination. However, that does not negate the fact that he was free to call her once he realized she would not be a government witness. The court gave Webb substantial latitude in conducting his defense, and there is nothing to suggest that he was in any way prevented from calling Berry to the witness stand.

In addition, Webb's argument is built upon a mistaken premise. He has no Sixth Amendment right to confront Berry because the statement was not "testimonial." *See Crawford v. Washington*, 541 U.S. 36 (2004), s*ee United States v. Martinez*, 430 F.3d 317, 329 (6th Cir. 2005) ( "[a] statement made by one participant in a criminal enterprise to another, intended to further the enterprise, is not testimonial.").

Counsel correctly concludes that this issue is not meritorious.

## 5. Sufficiency of Evidence

In reviewing Webb's claim that the evidence was insufficient to prove his guilt beyond a reasonable doubt, we must "consider the evidence in the light most favorable to the government and affirm the judgment if there is substantial evidence from which any rational trier of fact could find guilt beyond a reasonable doubt." *United States v. Lore*, 430 F.3d 190, 203-04 (3d Cir. 2005).

The evidence here included uncontroverted testimony from four witnesses who testified they had illegally purchased firearms for Webb. The government corroborated

7

that testimony with the paperwork generated by those purchases. That evidence along with additional corroboration of Webb's phone calls clearly established his guilt, and this was strengthened further by Webb's own statements during his cross-examination of various witnesses placing himself at the scene of several of the straw purchases. Webb tried to discredit that testimony, but it is more than sufficient to establish his guilt.

## 6. Flight Instruction

We review the trial court's decision to give a particular instruction for abuse of discretion, and our review of the legal sufficiency of a charge is plenary. *See Walden v. Georgia-Pacific Corp*., 126 F.3d 506, 513 (3d Cir. 1997). Counsel suggests that Webb may have fled because he was aware that, as a felon, he should not have been in a gun shop, and counsel reminds us that Webb does not concede that he ran.

The jury was instructed:

> You have heard evidence that the defendant may have fled from law-enforcement officers. If the Government proves beyond a reasonable doubt that the defendant fled the law-enforcement officers, it may tend to prove that the defendant believed he was guilty. It may be weighed by you in this connection together with all the other evidence. However, flight may not always reflect feelings of guilt, moreover, feelings of guilty which are present in many innocent people do not necessarily reflect actual guilt. You are specifically cautioned that evidence of flight of a defendant may not be used by you as a substitute for proof of guilt. Flight does not create a presumption of guilt, whether or not evidence of flight does show the defendant believed he was guilty and the significance if any to be given to the defendant's feelings on this matter are for you to determine.

Evidence regarding a defendant's flight is admissible as circumstantial evidence of

8

guilt and therefore may be considered along with all of the other evidence in a case. *See United States v. Miles*, 468 F.2d 482, 489 (3d Cir. 1972). The charge the court gave accurately and adequately informed the jury of the law that they had to apply to the evidence. In addition, at least three witnesses testified that they saw Webb run from the ATF Agent. It was therefore appropriate to give the charge, and we agree that any argument to the contrary would be frivolous.

**7. Sentencing Under *United States v. Booker***

Counsel notes that Webb raised three challenges to his sentence pursuant to *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). He challenged the proposed enhancements for: (1) the obliterated serial numbers; (2) possession of eight or more guns; and (3) for being an organizer. In addition, at sentencing, Webb objected to an enhancement for obstruction of justice. Webb's *pro se* Rebuttal Brief raises what can best be described as an "*Apprendi* issue." *See Apprendi v. New Jersey,* 530 U.S. 466 (2000), and *Blakely v. Washington,* 542 U.S. 296 (2004).

Since the District Court did not apply an enhancement for an obliterated serial number, we need not address that issue. We review the sentence that was imposed based on the other enhancements for reasonableness. *United States v. Cooper,* 437 F.3d 324 (3d Cir. 2006). Here, the jury's verdict establishes the facts relied upon for the enhancements beyond a reasonable doubt and there is no *Apprendi* issue.

The obstruction of justice enhancement likewise provides no appealable issue.

9

That enhancement was only applied after the court found that the base offense category recommended in the Presentence Investigation Report ("PIR")" was based upon the firearms counts—the highest charged offense—and did not reflect the conduct underlying Webb's witness tampering or obstruction of justice. Accordingly, the court enhanced the sentence based upon that conduct. The resulting sentence was reasonable, and Webb does not argue to the contrary, other than challenging these enhancements.

Accordingly, because "none of the legal points" stemming from Webb's *Booker* challenges are "arguable on their merits," appeal of these issues would be frivolous. *See United States v. Youla*, 241 F.3d 296, 301 (3d Cir. 2001).

**B. Legal Issues Only Raised by Trial Counsel**

Counsel has identified three possible legal issues, and concluded they are without merit. We agree.

**1. Webb's Base Offense Category in Light of *Shepard v. United States***

The Probation Office recommended a base offense level of 22 pursuant to U.S.S.G. § 2K2.1(a)(3), in part because Webb committed the present offenses subsequent to "sustaining one felony conviction for a crime of violence." In 1989, Webb pled *nolo contendere* to two counts of aggravated assault. The Application Notes to Section 2K2.1 of the Guidelines specifically include "aggravated assault" in the definition of a "crime of violence." United States Sentencing Guidelines Manual § 2K2.1 app. 1 (2005). Even in the absence of this Note, however, it is clear that Pennsylvania defines aggravated assault

10

in relevant part as an "attempt[] to cause serious bodily injury to another, or [to] cause[] such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 PA.C.S.A. § 2702(a)(1) (2004). Accordingly, it was not necessary for the sentencing court to consider anything beyond Webb's plea to conclude he had a prior conviction for a "crime of violence," and the resulting enhancement does not support any nonfrivolous challenge to the sentence.

**2. Proper Calculation of Webb's Base Offense Category Pursuant to the Expired Definitional Provision of 18 U.S.C. §921(a)(30)**

When Webb was arrested, 18 U.S.C. § 921(a)(30) defined the firearms that qualify as "semiautomatic assault weapons." Counsel submits that an argument can be advanced that a "semiautomatic assault weapon" cannot now be defined by reference to that provision because it is no longer the law. The Court of Appeals for the Tenth Circuit has rejected this argument in *United States v. Whitehead*, 425 F.3d 870 (10th Cir. 2005).

Here, the guns Webb was convicted of possessing included an UZI semiautomatic that was specifically included in the definition of "firearm" contained in 18 U.S.C. § 921(a)(30). That definition was in effect when Webb was convicted. The Probation Office used the November 1, 2004 edition of the Guidelines in calculating Webb's PIR, and it adopted the definition in § 921(a)(30). Indeed, the current version of the Guidelines continues to reference 18 U.S.C. § 921(a)(30). Accordingly, the District Court appropriately increased Webb's base offense category for possessing that firearm.

**3. Webb's Criminal History Category**

The Supreme Court specifically excluded prior convictions from the rule it announced in *Apprendi*. *See Apprendi*, 530 U.S. at 490. Accordingly, the District Court did not err in concluding that the PIR correctly included Webb's prior convictions in calculating his criminal history as IV. The court also correctly determined that he was serving a federal sentence of supervised release for the 1997 conviction when he committed the instant offenses, and she thus properly added two additional points. *See* U.S.S.G. § 4A1.1(d) (2005). Accordingly, the court did not err in calculating Webb's criminal history category, and any argument to the contrary would be frivolous.

### III. Conclusion

Before concluding, we want to express our appreciation to Lisa C. Dykstra, who represented Mr. Webb by appointment pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A(e)(1), as well as to the firm of Morgan, Lewis & Bockius LLP for allowing Ms. Dysktra to accept CJA appointments. Counsel who represent clients pursuant to appointments under the CJA render an invaluable service to their clients, this court, and to society as a whole. In addition, the brief that Ms. Dykstra submitted in this case was exceptionally well crafted, well written and thorough. Even though it was an *Anders* brief, it carefully analyzed possible issues and was quite helpful to the court.

Having reviewed suggested arguments of counsel, and claims asserted by Webb, for all the above reasons, we agree with counsel's assessment that there are no non-frivolous issues for appeal, and we will affirm the judgment and conviction of the District Court, and grant counsel leave to withdraw.