**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 3, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARNELL YOUNG,

Defendant - Appellant.

No. 08-1161

(D. Colorado)

(D.C. No. 1:07-CR-00333-LTB-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **HARTZ**, Circuit Judges.

---

Defendant Darnell Young pleaded guilty in the United States District Court for the District of Colorado to a charge of felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). In calculating his offense level under USSG § 2K2.1(a)(2), the court determined that he had two prior convictions for "crimes of violence"—namely, a third-degree assault and an escape. On appeal Mr. Young contends that neither prior conviction should have been counted. He argues that (1) his assault offense did not qualify because he had not been

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentenced for that offense when he committed the instant offense and (2) under the Supreme Court's recent decision in *Chambers v. United States*, 129 S. Ct. 687 (2009), the escape for which he was convicted was not a "crime of violence." Mr. Young also contends that the district court erroneously denied his motion for a downward departure. We hold that (1) the district court properly considered Mr. Young's assault offense because it is immaterial under § 2K2.1(a)(2) that he was sentenced for the assault after he committed the instant offense; (2) as the parties agreed at oral argument, further district-court proceedings are necessary to determine whether Mr. Young's escape offense was a "crime of violence" under *Chambers*; and (3) because the district court presumed that it had authority to depart downwards, we cannot review the denial of Mr. Young's downward-departure motion. We have jurisdiction under 28 U.S.C. § 1291 and remand for resentencing.

## I.   BACKGROUND

Understanding Mr. Young's claims on appeal requires a timeline of events. In 1997 Mr. Young was convicted of accessory to first-degree sexual assault and sentenced to three years in a community correctional facility. About two weeks after he began serving that term, he "left the facility and was placed on escape status." R. Vol. III at 9. The record does not establish how Mr. Young "left the facility"—we do not know, for example, whether he broke free, walked out, or failed to report after a furlough. Shortly thereafter, Mr. Young was convicted in

Colorado state court of the crime of escape and was sentenced to two and one-half years' imprisonment for that offense. On October 19, 2006, he committed the crime of assault; he pleaded guilty on February 13, 2007. Then on July 1, 2007, before he had been sentenced on the assault offense, he committed the offense of felon in possession of a firearm. Mr. Young was sentenced for the assault conviction on August 15, 2007. He pleaded guilty to the firearm charge on February 20, 2008, and received the challenged sentence for that offense on April 25, 2008.

At sentencing for the firearm offense, the district court adopted the Guidelines calculation recommended in the probation office's presentence report (PSR). The PSR applied USSG § 2K2.1(a)(2), which sets the base offense level at 24 for possession of a firearm in violation of § 922(g)(1) if the defendant has previously sustained two or more "felony convictions of either a crime of violence or a controlled substance offense." USSG § 2K2.1(a)(2); *see id.* cmt. (this section covers, inter alia, violations of §§ 922(a)–(p)). The PSR concluded that § 2K2.1(a)(2) applied because Mr. Young had been convicted of an escape and an assault, both felony crimes of violence, before committing the firearm offense. The PSR reduced Mr. Young's base offense level by three levels (to 21) in consideration of his acceptance of responsibility, and assigned him a criminal-history category of VI. This resulted in a Guideline range of 77-96 months.

At the sentencing hearing the district court rejected Mr. Young's challenges to the PSR's calculation of his base offense level, ruling that (1) Mr. Young's assault offense counted under § 2K2.1(a)(2) even though he had not been sentenced for that offense before he committed the firearm offense, and (2) Mr. Young's escape offense was a "crime of violence" under this circuit's precedents. Finding no reason to depart from the Guidelines, the district court also denied Mr. Young's motion for a downward departure, sentencing him to a 77-month term of imprisonment (the low end of the Guideline range).

## II.     DISCUSSION

On appeal Mr. Young contends that neither his assault nor his escape conviction should have been considered in the calculation of his base offense level. He also argues that the district court erroneously denied his motion for a downward departure. We address these contentions in turn.

### A.     Assault

Mr. Young's primary argument on appeal is that a conviction is not counted under USSG § 2K2.1(a)(2) if sentence had not been imposed before the instant offense was committed. Although Mr. Young had pleaded guilty to assault before committing the firearm offense, he was not sentenced for the assault offense until one and one-half months *after* he committed the firearm offense. In Mr. Young's view, his assault offense was therefore not a prior conviction and § 2K2.1(a)(2) was erroneously applied to calculate his base offense level. Our review of this

legal issue is de novo. *See United States v. Whitehead*, 425 F.3d 870, 871 (10th Cir. 2005).

Mr. Young's argument, however, is inconsistent with our holding in *United States v. Dell*, 359 F.3d 1347, 1349–50 (10th Cir. 2004). In that case the defendant had pleaded guilty to a Utah drug charge, but he was never sentenced for the offense. *See id.* at 1348. The state court had entered an order, termed a "plea in abeyance," Utah Code Ann. 77-2a-1(1), under which the charge was dismissed when he successfully completed treatment. *See id.* The defendant was later convicted of federal firearm offenses and he argued at sentencing for those offenses that the dismissed drug charge was not a prior conviction. *Id*. at 1347–48. Because the defendant had *never* been sentenced under his plea in abeyance, the federal offenses obviously did not occur *after* sentencing on the drug charge. Nevertheless, we held that the plea in abeyance counted as a conviction under § 2K2.1(a)(4)(A) because it received a criminal history point under § 4A1.1(c). *Id*. at 1349. Mr. Young does not, and could not, reasonably dispute that he properly received a criminal-history point for his assault conviction. *See* USSG § 4A1.2(a)(4) ("'Convicted of an offense' . . . means that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of <u>nolo</u> <u>contendere</u>."). Accordingly, we affirm the district court's treatment of Mr. Young's assault conviction as a prior conviction.

## B.    Escape

Mr. Young contends that his escape conviction was not a "crime of violence."  After this claim was rejected below, the Supreme Court decided *Chambers*, 129 S. Ct. 687, ruling that a failure to report to a penal institution is not a "violent felony" under the Armed Career Criminal Act (ACCA).  Although Mr. Young was not sentenced under the ACCA, the applicable Guidelines definition of a "crime of violence," *see* USSG § 4B1.2(a), is almost identical to the ACCA's definition of a "violent felony," *see* 18 U.S.C. § 924(e)(2)(B).  Accordingly, we have said that in this context the Supreme Court's analysis under the ACCA "applies equally to the sentencing guidelines."  *United States v. Tiger*, 538 F.3d 1297, 1298 (10th Cir. 2008).  In this case, however, the record does not provide the information that we would need to apply *Chambers*.  Although it establishes that Mr. Young escaped from a community correctional facility, it does not establish the nature of that escape or the escape statute under which Mr. Young was convicted.  Thus, as the parties agreed at oral argument, further district-court proceedings are required to determine whether, in light of *Chambers*, Mr. Young's prior escape conviction was a crime of violence.

## C.    Downward Departure

Mr. Young's final argument is that the district court erred in denying his motion for a downward departure.  We "lack jurisdiction to review the discretionary denial of a downward departure."  *United States v. Fonseca*, 473

F.3d 1109, 1112 (10th Cir. 2007). And because we presume that district courts "recognize [their] discretion," we review the denial of a downward departure only if the court "unambiguously states it lacks discretion to grant the departure." *Id*. Here, the district court made no such unambiguous statement. To the contrary, at the sentencing hearing the district court rejected Mr. Young's argument to depart downwards by noting that it "[was] not persuaded that the defense ha[d] met its burden." R. Vol. II at 14. Later, the court found "no reason to depart from the Guideline range." *Id*. at 16. We lack jurisdiction to review the discretionary denial of Mr. Young's downward-departure motion.

## III. CONCLUSION

We REVERSE Mr. Young's sentence and REMAND for further sentencing proceedings consistent with *Chambers v. United States*, 129 S. Ct. 687 (2009) and this opinion. We GRANT the Stipulated Motion to Supplement Record.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

-7-