# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1715
_____

United States of America

*Plaintiff - Appellee*

v.

Alexander Ituma

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: April 3, 2025
Filed: April 28, 2025
[Unpublished]

_____

Before SMITH, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Alexander Ituma appeals after a jury found him guilty of conspiracy to commit wire fraud, conspiracy to commit money laundering, and several substantive counts of wire fraud; and the district court[1] sentenced him to 100 months in prison. His

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

counsel has requested leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the sufficiency of the evidence supporting the jury verdict, raising challenges to the sentence, and asserting that Ituma's prior attorneys were ineffective. Ituma has filed a pro se motion for appointment of new appellate counsel.

Upon careful review,[2] we conclude that there was sufficient evidence for the jury to convict Ituma of all counts. See United States v. Mickelson, 378 F.3d 810, 821 (8th Cir. 2004) (defendant challenging sufficiency of evidence in conspiracy case has heavy burden; government need only show that those involved operated pursuant to common scheme or had tacit understanding, rather than formal agreement; circumstantial evidence and inferences from parties' actions may be used to establish conspiracy's existence).

As to the sentencing issues raised by counsel, the error regarding the $25,000 loss—which occurred prior to Ituma joining the conspiracy in March 2015—did not impact the Guidelines range, see United States v. Karie, 976 F.3d 800, 805 (8th Cir. 2020) (finding that, even if court clearly erred in calculating loss amount, error was harmless because it did not impact Guidelines range); and evidence presented during trial showed that Ituma was involved in the €10 million loss, see United States v. Flying By, 511 F.3d 773, 779 (8th Cir. 2007) (defendant may be held liable for loss caused by fellow participant in common scheme; court did not err in finding

---

[2]During trial, Ituma moved for a judgment of acquittal at the close of the government's case, and the district court denied the motion. He did not renew his motion for judgment of acquittal at the close of evidence. "Our precedents diverge on the question whether a failure to renew a motion for judgment of acquittal preserves a sufficiency-of-the-evidence argument, thus warranting de novo review, or waives the argument, resulting in only plain error review." United States v. Marble, No. 23-1615, 2024 WL 3507643, at *2 n.3 (8th Cir. July 23, 2024) (per curiam) (collecting cases); see also United States v. King, 854 F.3d 433, 441 (8th Cir. 2017). Because Ituma's argument fails under either standard of review, we need not consider which one applies here.

defendant responsible for loss from all reasonably foreseeable acts in furtherance of scheme). However, the $25,000 loss error does affect Ituma's restitution obligations because the $25,000 loss was included in Ituma's restitution judgment. As to this error, we thus remand with instructions to omit Malone's loss from Ituma's restitution judgment. See United States v. Matheny, 42 F.4th 837, 846 (8th Cir. 2022) (noting that when record makes clear amount of restitution court should have awarded, appellate court may remand for entry of corrected restitution order without requiring additional fact-finding). Counsel also challenges the sophisticated-means enhancement, but Ituma withdrew his objection to the enhancement below. See United States v. Thompson, 289 F.3d 524, 527 (8th Cir. 2002) (defendant was precluded from arguing objections to presentence report on appeal because lawyer withdrew objections in district court). Finally, the district court did not err in assessing a criminal history point based on a prior criminal charge that was ultimately dismissed after Ituma's guilty plea to the charge was held in abeyance. See USSG § 4A1.2(f) (diversionary disposition resulting from admission of guilt in judicial proceeding is counted as sentence even if conviction is not formally entered); United States v. Dell, 359 F.3d 1347, 1349 (10th Cir. 2004) (plea in abeyance constitutes sentence under § 4A1.2(f) and therefore receives criminal history point).

To the extent counsel raises an ineffective-assistance claim, we conclude such a claim is better suited for collateral proceedings. See United States v. Long, 721 F.3d 920, 926 (8th Cir. 2013) (generally, ineffective assistance of counsel claims are better left for post-conviction proceedings).

We have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no remaining non-frivolous issues for appeal. Accordingly, we vacate and remand on the restitution issue but otherwise affirm the judgment, grant counsel leave to withdraw, and deny Ituma's motion for new appellate counsel.

_____