# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1715
_____

United States of America

*Plaintiff - Appellee*

v.

Alexander Ituma

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville
_____

Submitted: May 29, 2025
Filed: June 12, 2025
[Unpublished]
_____

Before SMITH, SHEPHERD, and KELLY, Circuit Judges.
_____

PER CURIAM.

Alexander Ituma appeals after a jury found him guilty of conspiracy to commit wire fraud, conspiracy to commit money laundering, and several substantive counts

of wire fraud; and the district court[1] sentenced him to 100 months in prison. His counsel has requested leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the sufficiency of the evidence supporting the jury verdict, raising challenges to the sentence, and asserting that Ituma's prior attorneys were ineffective. Ituma has filed a pro se motion for appointment of new appellate counsel.

Upon careful review,[2] we conclude that there was sufficient evidence for the jury to convict Ituma of all counts. See United States v. Mickelson, 378 F.3d 810, 821 (8th Cir. 2004) (defendant challenging sufficiency of evidence in conspiracy case has heavy burden; government need only show that those involved operated pursuant to common scheme or had tacit understanding, rather than formal agreement; circumstantial evidence and inferences from parties' actions may be used to establish conspiracy's existence).

As to the sentencing issues raised by counsel, Ituma argues that Ryan Malone's loss of $25,000 and WIDEHA's loss of €10 million should have been excluded from the intended loss used to set the Guidelines range. See United States v. Bradford, 113 F.4th 1019, 1026 (8th Cir. 2024) (reviewing calculated loss amount for clear error).

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

[2]During trial, Ituma moved for a judgment of acquittal at the close of the government's case, and the district court denied the motion. He did not renew his motion for judgment of acquittal at the close of evidence. "Our precedents diverge on the question whether a failure to renew a motion for judgment of acquittal preserves a sufficiency-of-the-evidence argument, thus warranting de novo review, or waives the argument, resulting in only plain error review." United States v. Marble, No. 23-1615, 2024 WL 3507643, at *2 n.3 (8th Cir. July 23, 2024) (unpublished per curiam) (collecting cases); see also United States v. King, 854 F.3d 433, 441 (8th Cir. 2017). Because Ituma's argument fails under either standard of review, we need not consider which one applies here.

However, the sentencing transcript indicates the district court did not consider Malone's loss in calculating the Guidelines range, and, while the judgment lists Malone as a victim who is owed $25,000 in restitution, the total amount of restitution ordered as to Ituma also excluded that loss amount. Additionally, evidence presented during trial showed Ituma was involved in the €10 million loss. See United States v. Flying By, 511 F.3d 773, 779 (8th Cir. 2007) (defendant may be held liable for loss caused by fellow participant in common scheme; district court did not err in finding defendant responsible for loss from all reasonably foreseeable acts in furtherance of scheme). Counsel also challenges the sophisticated-means enhancement, but Ituma withdrew his objection to the enhancement below. See United States v. Thompson, 289 F.3d 524, 527 (8th Cir. 2002) (defendant was precluded from arguing objections to presentence report on appeal because lawyer withdrew objections in district court). Finally, the district court did not err in assessing a criminal history point based on a prior criminal charge that was ultimately dismissed after Ituma's guilty plea to the charge was held in abeyance. See USSG § 4A1.2(f) (diversionary disposition resulting from admission of guilt in judicial proceeding is counted as sentence even if conviction is not formally entered); United States v. Dell, 359 F.3d 1347, 1349 (10th Cir. 2004) (plea in abeyance constitutes sentence under § 4A1.2(f) and therefore receives criminal history point).

To the extent counsel raises an ineffective-assistance claim, we conclude such a claim is better suited for collateral proceedings. See United States v. Long, 721 F.3d 920, 926 (8th Cir. 2013) (generally, ineffective assistance of counsel claims are better left for post-conviction proceedings).

We have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no remaining non-frivolous issues for appeal. Accordingly, we remand with instructions to correct the judgment to reflect that Malone is not one of Ituma's victims owed restitution, but otherwise affirm the

judgment.  We also grant counsel leave to withdraw, and deny Ituma's motion for new appellate counsel.

_____